UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
KEY WEST DIVISION
CASE NO.

PAUL LOPEZ, ANDREA TRDINA, and others similarly-situated,

**CLASS ACTION**

      Plaintiffs,

vs.

HAYES ROBERTSON GROUP, INC., a Florida corporation, d/b/a Mangoes Restaurant, d/b/a Fogarty's, d/b/a Fogarty's Restaurant Bar and Bakery, d/b/a Caroline's Cafe, REDFISH, BLUEFISH, INC., a Florida corporation, d/b/a Redfish, Bluefish, 37 COURT INVESTMENTS, INC., a Florida corporation, d/b/a Jack Flats, CAREN WINNIFRED DEMENT, individually, and JOSEPH H. WALSH, individually,

      Defendants.
_____/

## FLSA COMPLAINT

COME NOW, Plaintiffs, PAUL LOPEZ and ANDREA TRDINA, by and through their undersigned attorney, and hereby sue Defendants, HAYES ROBERTSON GROUP, INC., a Florida corporation, d/b/a Mangoes Restaurant ("MANGOES"), d/b/a Fogarty's, d/b/a Fogarty's Restaurant Bar and Bakery ("FOGARTYS"), d/b/a Caroline's Café ("CAROLINES"), REDFISH, BLUEFISH, INC., a Florida corporation, d/b/a Redfish, Bluefish ("REDFISH"), 37 COURT INVESTMENTS, INC., a Florida corporation, d/b/a Jack Flats ("JACK FLATS"), CAREN WINNIFRED DEMENT, individually and JOSEPH H. WALSH, individually (hereinafter collectively referred to as "the Employer"), and allege:

## JURISDICTIONAL ALLEGATIONS

1. This is an action to recover money damages for unpaid minimum wages. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. §201-219 (§216 for jurisdictional placement) ("the FLSA"), and under 28 U.S.C. § 1331. This action is also brought pursuant to Fla. Stat. 448.110, and Fla. Const. Art. 10 § 24. This court has jurisdiction over the state claims under 28 U.S.C. §1367.

2. Plaintiffs are residents of Monroe County, Florida, within the jurisdiction of this Honorable Court, or were residents of Monroe County, Florida during the relevant time periods.

3. The corporate Defendants, HAYES ROBERTSON GROUP, INC., REDFISH, BLUEFISH, INC., and 37 COURT INVESTMENTS, INC., at all times material hereto were and are doing business within the jurisdiction of the District Court of the Southern District of Florida, where Plaintiffs were employed, and at all times material hereto were and are engaged in interstate commerce. The individual Defendants, CAREN WINNIFRED DEMENT and JOSEPH H. WALSH, are residents of Monroe County, Florida.

4. This action is brought by Plaintiffs to recover from the Employer unpaid overtime and minimum wages, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C.§201 et seq., and specifically under the provisions of 29 U.S.C. §§ 206, 216, and Fla. Stat. 448.10, Fla. Const. Art. 10 § 24.

5. Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1331 and by Title 29 U.S.C. §216(b). The Employer is and, at all times pertinent to this Complaint, was engaged in interstate commerce. At all times pertinent to this Complaint, the Employer operates as an organization which sells and/or markets and/or handles its services and/or goods and/or materials to customers from throughout the United States and also provides its services for goods and/or

materials sold and transported from across State lines of numerous other States, and the Employer obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over State lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.  Upon information and belief, the annual gross revenue of the Employer was at all times material hereto in excess of $500,000.00 per annum, and/or Plaintiffs, by virtue of working in interstate commerce, otherwise satisfy the FLSA's requirements.

6. By reason of the foregoing, the Employer is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §3(r) and 3(s) of the FLSA, 29 U.S.C. §203(r) and 203(s) and/or Plaintiffs are within interstate commerce.

7. Each of the individual Defendants, CAREN WINNIFRED DEMENT ("DEMENT") and JOSEPH H. WALSH ("WALSH"), are an "employer," as defined in 29 U.S.C. § 203(d), as each has operational control over the Defendant corporations and are directly involved in decisions affecting employee compensation and hours worked by employees, such as the Plaintiffs.  Moreover, each controlled the purse strings for the Defendant corporate entities.

## COUNT I
## RECOVERY OF MINIMUM WAGE AGAINST THE EMPLOYER AND GENERAL ALLEGATIONS AS TO THE MINIMUM WAGE PLAINTIFFS

8. Plaintiffs re-allege and re-aver paragraphs 1 through 7 as fully set forth herein.

9. In 1966, the FLSA was amended to extend minimum wage protection to employees of restaurants [and] special provisions were made for employees who received tips. Sen. Rep. 89-1487, *3013.  Prior to 1966, "tipped employees" were not protected by the FLSA.[1]

---

[1] The Florida minimum wage is interpreted in accordance with the FLSA. Fla. Stat.

3

Restaurants were not obligated to pay a minimum wage to a "tipped employee." "Under the 1966 amendments [tipped] employees are entitled to receive the prevailing minimum wage for each hour worked by them in a given week." *Hodgson v. Bern's Steak House, Inc*., 1971 WL 843, * 3 (M.D. Fla. 1971) see also *Olson v. Superior Pontiac-GMC, Inc.*, 765 F.2d 1570, 1578-79 (11th Cir. 1985) *modified on other grounds,* 776 F.2d 265 (11th Cir. 1985) (minimum wage must be paid for each and every hour worked.

10. The failure to pay for each hour worked invalidates the tip credit. *Chisolm v. Gravitas Rest. Ltd.*, CIV.A. H-07-475, 2008 WL 838760 (S.D. Tex. 2008).

11. The *"wage"* that restaurants "shall pay" to a tipped employee is explained in 29 U.S.C.A. § 203(m): "the amount paid such employee by the employee's employer shall be an amount equal to" the required reduced cash wage.  The statute contains a second sentence which states, the employer "is required to pay [an] amount [which] shall be not less than the cash wage required." *Id*.

12. Defendants purported to claim a "tip credit" allowed by the FLSA and Florida law.  The FLSA, 29 U.S.C. § 203(m), allows the Employer to pay less than the required minimum wage by taking a *"tip credit,"* in order to satisfy its minimum wage obligation.  However, in order to utilize the *"tip credit,"* the Employer must strictly comply with the conditions imposed by the FLSA and Florida law.

13. A condition precedent to the "tip credit*"* availability is that the Employer must inform Employees of its intention to take a "tip credit."  The "tip credit" is unavailing because the Defendants failed to "inform" Plaintiffs of its intention to claim a "tip credit," as required by the FLSA, 29 U.S.C. § 203(m).  The employer could not have informed Plaintiffs as it had a

---

§448.110; F.S.A. Const. Art. 10 § 24.

built-in policy to deduct from Plaintiffs' wages and thus their pay fell below the required minimum wage for tipped employees. The Employer's knowledge that there is a tip credit in the industry is insufficient. The Employer failed to comply with all the informational requirement of 29 C.F.R. § 531.59(b), in that (1) the Employer failed to inform about the tip credit all together, no such information is contained in the Employer's Handbook; (2) the additional amount by which the wages of the tipped employee are increased; (3) the amount of the tip credit claimed by the Employer; (4) that all tips would be retained by the employee; and (5) that the tip credit taken shall not apply to any employee who has not been informed of the requirements of § 531.59(b).

14.     The aforementioned facts and the Employer taking control of the tips and retaining tips belonging to Plaintiffs invalidated the tip credit taken, and Plaintiffs are entitled to payment of the full minimum wage. Tips are, as a matter of law, the property of the employee to whom they are given.  A condition precedent for the "tip credit" availability is that the employees be allowed to retain all tips received by them.  In this case, the "tip credit" is unavailing because the Employer took control of Plaintiffs' tips and; distributed them to employees who were not entitled to receive them, such as mixers, expediters, employees outside the tip pool, such as delivery drivers and the owners kept part of the tip money that belonged to Plaintiffs or otherwise used distributed such tips to employees who customarily worked outside the presence of customers.  The Employer treated the tips as part of its gross receipts.  When the Employer misappropriated or took control of such tips, it lost the right to claim the *"tip credit,"* and thus must pay Plaintiffs the full minimum wage.

15.     A condition precedent to the "tip credit*"* availability is that employees be paid the required cash wage (i.e., $3.38 per hour in 2006, $3.65 per hour in 2007, $3.77 per hour in 2008,

5

$4.19 per hour between January and July 2009, $4.23 per hour between July 2009 and May 2011, and $4.29 per hour since June 2011). The requirement to pay the reduced wage in inextricably intertwined with the information requirement outlined in 29 C.F.R. § 531.59 (b), which requires the Employer to inform the employee of the actual required reduced cash wage which will be paid. Defendants then failed to pay the wage required by § 203(m).

16. Because the FLSA and Florida Minimum Wage Law require, as a condition precedent, that employees be informed that they will be paid the required wage and then that the Employer "shall pay" such specified reduced cash wage, the tip credit claimed is unavailing. The Employer is therefore obligated to pay Plaintiffs the full minimum wage for each hour worked allowing credit for the hours paid for.

17. In addition, the Employer failed to pay the mandatory reduced cash wage because the Employer deducted $3.00 per shift from the Plaintiffs' reduced cash wage. Thus, Plaintiffs' pay fell below the minimum wage which prevents the Employer from availing itself of the "tip credit." As a consequence of failing to inform then pay the reduced cash wage, the Employer is required to pay the entire minimum wage, for the relevant time period. (i.e., $6.67 per hour in 2006, $6.67 per hour in 2007, $6.79 per hour in 2008, $7.21 per hour between January and July 2009, $7.25 per hour between July 2009 and May 2011, $7.31 per hour between June 2011 and December 2011, $7.67 between January 2012 through December 31, 2012, and $7.79 between January 2013 and ongoing).

18. The employer tried to correct the violation at a later date by sending Plaintiffs the difference between the required reduced minimum wage and what they actually received. However, the underpayments of minimum wages were not timely paid and the failure to pay promptly constitutes another minimum wage violation. See *Olson, supra.*

19. The "tip credit" is also unavailing because the Employer deducted the cost of uniforms from Plaintiffs' hourly wage. As a result of the deduction, Plaintiffs' hourly-rate fell below the reduced cash wage, another minimum wage violation. The failure to pay the required minimum wage (the $3.00 deduction from the wage owed to the employee and uniform deduction) constitute minimum wage violations in addition to the invalid "tip credit" claim.

20. HAYES ROBERTSON GROUP, INC., REDFISH, BLUEFISH, INC., and 37 COURT INVESTMENTS, INC., are in the restaurant business. The similarly-situated current and former employees are all those other employees who worked for Defendants' restaurants and performed the same or similar duties as that of Plaintiffs as servers, bartenders, food runners, and/or hosts, and who were not paid minimum wages.

### PAUL LOPEZ

21. Plaintiff LOPEZ was employed at HAYES ROBERTSON GROUP, INC., d/b/a Fogarty's and REDFISH from approximately July 2009 through November 2009. LOPEZ worked approximately 35 hours per week. The Employer failed to pay the correct reduced cash wage to LOPEZ (i.e., paid $4.19 per hour when the reduced cash wage was $4.23 per hour). The Employer made several deductions to LOPEZ's wages reducing his wages below the required reduced cash wage, including, deducting three dollars from each shift that LOPEZ worked and deducting the cost of uniforms from LOPEZ's wages. *Supra*. The Employer also took control of the tips and shared LOPEZ's tips with employees that customarily work outside the presence of customers; kept his tips and failed to inform him about the provisions of § 203(m). *Supra*.

22. As a result of the deductions, LOPEZ's wages were reduced to approximately $3.60 per hour, on the average. The employer also failed to promptly pay LOPEZ's minimum wages. As a result of these violations, (1) the tip credit is invalid, allowing LOPEZ to recover

the full minimum wage, (2) as well as the minimum wage for those times when he was paid less than the required wage, and (3) the minimum wages were not promptly paid.

### TRDINA

23. Plaintiff TRDINA was employed at HAYES ROBERTSON GROUP, INC., d/b/a Fogarty's and JACK FLATS from approximately May 2010 through May 2011. TRDINA worked approximately 35 hours per week. The Employer failed to pay the correct reduced cash wage to TRDINA (i.e., paid $4.19 per hour when the reduced cash wage was $4.23 per hour). The Employer made several deductions to TRDINA's wages reducing her wages below the required reduced cash wage, including, deducting three dollars from each shift that TRDINA worked and deducting the cost of uniforms from TRDINA's wages. *Supra*. The Employer also took control of the tips and shared TRDINA's tips with employees that customarily work outside the presence of customers; kept her tips and failed to inform her about the provisions of § 203(m). *Supra*.

24. As a result of the deductions, TRDINA's wages were reduced to approximately $3.60 per hour, on the average. The employer also failed to promptly pay TRDINA's minimum wages. As a result of these violations, (1) the tip credit is invalid, allowing TRDINA to recover the full minimum wage, (2) as well as the minimum wage for those times when she was paid less than the required wage, and (3) the minimum wages were not promptly paid.

### Willful Violations

25. Defendants willfully and intentionally failed to pay Plaintiffs the statutory minimum wage as required by the laws of the United States and Florida Minimum Wage Law as set forth above and remain owing them back wages. Defendants knew, and/or showed reckless disregard of the provisions of the FLSA and Florida Minimum Wages law concerning the

payment of unpaid minimum wages.  Defendants had knowledge and or acted with wreckless disregard in relation to payment of the required minimum wage; they knew and/or acted with reckless disregard in that they had no right to Plaintiffs' tips, yet knowingly and willfully took control of those tips; keeping some and using some to may payroll for other employees who were not entitled to tips.  Defendants willfully and intentionally deducted three dollars from Plaintiffs' wages causing Plaintiffs' wages to fall below minimum wages.  Defendants knew or should have known of the work performed by Plaintiffs and of their obligation to pay minimum wages to Plaintiffs.

26. As a result of the under-payments of wages alleged above, Defendants are indebted to Plaintiffs in the amount of the unpaid minimum wage compensation, and an amount equal to the unpaid minimum wages as liquidated damages.

27. All conditions precedents have been met prior to filing this Complaint, including service of pre-suit notice.

28. Plaintiffs have retained the law offices of the undersigned attorney to represent them in this action and are entitled to recover a reasonable attorney's fee.

WHEREFORE, Plaintiffs request compensatory and liquidated damages and reasonable attorney's fees from all Defendants, jointly and severally, pursuant to the Fair Labor Standards Act, Fla. Stat. §448.110, and the Florida Constitution as cited above, to be proven at the time of trial for unpaid minimum wages owing from Plaintiffs' entire employment period with Defendants, or as much as allowed by the Fair Labor Standards Act, whichever is greater, along with Court costs and attorney's fees.  In the event that Plaintiffs do not recover liquidated damages, then Plaintiffs seek an award of prejudgment interest for the unpaid minimum wages, and any and all other relief which this Court deems reasonable under the circumstances.

## CLASS ACTION ALLEGATIONS

29. The class action is properly maintainable under Federal Rule of Civil Procedure 23(a) and 23(b)(3).

30. Plaintiffs LOPEZ and TRDINA ("*Minimum Wage Plaintiffs*") are representative parties of a class that contains at least one hundreds of servers, bartenders, foodruners, bussers and other similarly-situated employees who have also worked for the Defendants during any part of the five (5) years preceding the Complaint, which worked at all the restaurants. The class is so numerous that joinder is impracticable.

31. The class is defined as all hourly paid tipped servers, bartenders, foodruners, bussers and other claims typical of the class, that were employed by Defendants during the period of November 2007 through May 11, 2011, who were paid at the reduced subminimum tip credit hourly-rate and who (1) participated in a tip pool; (2) Defendants deducted $3.00 per shift from their wage; and for whom (3) Defendants deducted the cost of uniforms from the wage owed to them.

32. The following common questions of law and fact are claimed by both the *Minimum Wage Plaintiffs* and class members:

    a. The Employer deducted $3.00 for every shift worked by *Minimum Wage Plaintiffs* and class members. The $3.00 deductions were made from Plaintiffs and class members' reduced cash wage, and had the effect of bringing the reduced cash wage below the rate required by the Florida Minimum Wage Laws.

    b. The "tip credit" is unavailing to as to *Minimum Wage Plaintiffs* and class members, because Florida Minimum Wage Laws requires as a condition precedent that tipped

employees be allowed to retain all their tips and employers are not allowed to take control of such tips. 29 U.S.C. § 203(m).

    c.    The Employer deducted the cost of uniforms from *Minimum Wage Plaintiffs* and class members reduced cash wage. The uniform deductions were made from *Minimum Wage Plaintiffs* and class members' reduced cash wage, and had the effect of bringing the reduced cash wage below the rate required by the Florida Minimum Wage Laws. The Employer is therefore obligated to pay class members the full minimum wage for each hour there was a deduction for uniforms, allowing a credit for the hours paid for.

    d.    The Employer is required to inform *Minimum Wage Plaintiffs* and class members of its intention to take a "tip credit".  The *"tip credit"* is unavailing because the Defendants failed to *"inform"* Minimum Wage Plaintiffs and class members of its intention to claim a *"tip credit,"* as required by the FLSA, 29 U.S.C. § 203(m).  The information requirement is inextricably intertwined with the obligation to pay the required reduced cash wage.  29 C.F.R. § 531.59(b).

    e.    The Employer willfully and intentionally failed to pay *Minimum Wage Plaintiffs*, thus, entitling them to recover liquidated damages.

    f.    The Employer paid *Minimum Wage Plaintiffs* and class members a reduced cash wage of $4.19 per hour. Between July 24, 2009 through February 2011, the Employer was required to pay *Minimum Wage Plaintiffs* and class members a reduced cash wage of $4.23 per hour. The "tip credit" is unavailing as to class members, because Florida Minimum Wage Laws requires as a condition precedent that the specified reduced cash wage be paid for every hour worked. The Employer is therefore obligated to pay *Minimum Wage Plaintiffs and* class

members the full minimum wage because the tip credit is unavailing.  A credit should be allowed for each hour worked, allowing a credit for the hours paid for.  *Chisolm, Olson, supra.*

33. The claims alleged by *Minimum Wage Plaintiffs* are typical of the class as they are the <u>same</u> claims being alleged by the class. *Supra*.¶30.

34. Common questions of law and fact predominate over the class and the class is superior to other available methods to fairly and expeditiously adjudicate this controversy, such that the requirements under Federal Rule of Civil Procedure 23(b)(3) are satisfied.  The claims of the *Minimum Wage Plaintiffs* are the same as the Class claims.  Defendants engaged in concerted practice to deny minimum wages to all class members. *Supra.*¶30.

35. The *Minimum Wage Plaintiffs* will adequately represent the interest of the class members and are not antagonistic to vis-à-vis the other.  Both the *Minimum Wage Plaintiffs* and class members seek the same relief.  Granting relief in favor of the *Minimum Wage Plaintiffs* will not be detrimental to the class members, and vice versa.

36. Defendants willfully and intentionally failed to pay the class members the statutory minimum wage as required by Florida Minimum Wage Laws as set forth above and remain owing them back wages.  Defendants knew and/or showed reckless disregard of the provisions of Florida Minimum Wages laws concerning the payment of unpaid minimum wages.  Defendants had knowledge of the class members' work schedules and the amount of hours they worked.  Defendants knew or should have known of the work performed by class members and of their obligation to pay minimum wages to class members.  Defendants willfully and intentionally deducted three dollars from class members' wages as well as the cost of uniforms, dropping the hourly rate below minimum wage.

WHEREFORE, Plaintiffs, on behalf of themselves and the class, request compensatory and liquidated damages and reasonable attorney's fees from all Defendants, jointly and severally, pursuant to the Fla. Stat. §448.110, and the Florida Constitution as cited above, to be proven at the time of trial for unpaid minimum wages owing to Plaintiffs and the class along with Court costs and attorney's fees.  In the event that Plaintiffs and the class do not recover liquidated damages, then Plaintiffs and the class seek an award of prejudgment interest for the unpaid minimum wages, and any and all other relief which this Court deems reasonable under the circumstances.

## JURY DEMAND

Plaintiffs demand trial by jury of all issues triable as of right by jury.

>THE LAW OFFICES OF
>EDDY O. MARBAN
>1600 Ponce de Leon Boulevard, Suite 902
>Coral Gables, Florida  33134
>Telephone (305) 448-9292
>Facsimile (305) 448-9477
>E-mail: marbanlaw@gmail.com
>
>By: _____*s/Edilberto O. Marban*_____
>         EDDY O. MARBAN, ESQ.
>         Fl. Bar No. 435960