UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
KEY WEST DIVISION

PAUL LOPEZ, ANDREA TRDINA, and
others similarly-situated,
    Plaintiffs,

vs.                                            CASE NO. 13-10004-CIV-MARTINEZ-MCALILEY

HAYES ROBERTSON GROUP, INC.,
et al.,
    Defendants.
_____/

**DEFENDANTS' RESPONSE AND OPPOSING MEMORANDUM OF LAW TO
PLAINTIFFS' MOTION FOR DECLARATION OF A CLASS ACTION (DE #6)
AND, IN THE ALTERNATIVE, MOTION FOR DERCERTIFICATION**

    Defendants, HAYES ROBERTSON GROUP, INC., a Florida corporation, d/b/a Mangos Restaurant, d/b/a Fogarty's, d/b/a Fogarty's Restaurant Bar and Bakery, d/b/a Caroline's Café, REDFISH, BLUEFISH, INC., a Florida corporation, d/b/a Redfish, Bluefish, 37 COURT INVESTMENTS, INC., a Florida corporation, d/b/a Jack Flats, CAREN WINNIFRED DEMENT, individually, and JOSEPH H. WALSH, individually, collectively referred to herein as "Defendants" and by and through undersigned counsel, respectfully request that this Court deny Plaintiffs' Motion for Declaration of Class Action as to Minimum Wage Claims Pursuant to Rule 23(B)(3) and 29 U.S.C. § 216(B) (DE #6, referred to herein as Plaintiffs' "Class Action Motion"). In support of this Response, Defendants state as follows:

**BACKGROUND OF THIS ACTION AND THE CLASS ACTION MOTION(S)**

    1.    As a threshold matter, there are currently pending before this Court two (2) Motions that are fully briefed and dispositive of all of the issues raised in Plaintiffs' Class Action Motion, which Defendants incorporate by reference, as if set forth herein:

1

      a.    "DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' FLSA COMPLAINT" (D.E. #16); and,

      b.    "DEFENDANTS' RESPONSE AND CROSS-MOTION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT ON LIABILITY" (D.E. #34).

2.    In addition, Defendants respectfully direct the Court's attention and hereby incorporate by reference the motions, responses and rulings in the similar/related lawsuits *Bennett, et al., v. Hayes Robertson Group, Inc., et al.*, Case No. 4:11-CV-10105-JLK (the "*Bennett* Lawsuit") and *Jean Bienamie, et al. v. Hayes Robertson Group, Inc., et al.,* Case No. 4:12-cv-10094-JLK (the "*Bienamie* Lawsuit") regarding class certification.

3.    Specifically, and by way of background, Plaintiffs' filed a Motion for Declaration of a Class Action as to Minimum Wage Claims Pursuant to Rule 23(B)(3) and a Motion for Declaration to Certify a Class Action as to Overtime Wage Claims Pursuant to 29 U.S.C. 216(B) in the *Bennett* Lawsuit (the *Bennett* Lawsuit, D.E. #6). Defendants' subsequently filed a Response and Opposing Memorandum of Law to Plaintiffs' Motion for Declaration of a Class Action (the *Bennett* Lawsuit, D.E. #75). Thereafter, Judge King denied class certification of "minimum wage claimants" and dismissed their minimum wage claims from that lawsuit (see "Order Denying Rule 23 Certification With Respect To Count I, Granting Conditional, Section 216(B) Certification As To Count II," issued July 20, 2012 (the *Bennett* Lawsuit, D.E. #78), and "Order Severing and Dismissing Count I," issued January 25, 2013 (the *Bennett* Lawsuit, D.E. #115).

4.    As a result of Judge King's aforementioned orders in the *Bennett* Lawsuit, on February 6, 2013, Judge King issued an "Order Striking Class Action Allegations From Amended Complaint" in the *Bienamie* Lawsuit (the *Bienamie* Lawsuit, D.E. #17), which specifically stated, in relevant part:

> Contained in Defendants' Motion to Dismiss is the argument that the Class Action Allegations listed in Plaintiffs' Amended Complaint should be dismissed or stricken pursuant to this Court's "Order Denying Rule 23 Certification With Respect to Count I, Granting Conditional, Section 216(B) Certification as to Count II," issued July 20, 2012 (D.E. 78 in Case No. 11-cv-10105-JLK). ***The Court agrees; although the named Plaintiffs are different between the two cases, the facts, legal theories, and defendants remain the same. This Court has already ruled on class certification and does not need to re-visit the issue.***
>
> The following is therefore **ORDERED**, **ADJUDED** and **DECREED**:
>
> 1. The Class Action Allegations contained in Plaintiffs' Amended Complaint (DE #8 ¶¶ 37-44) be, and the same are hereby, **STRICKEN**.

(Emphasis added, the *Bienamie* Lawsuit, D.E. #17).

5. In addition to the reasoned arguments below, Defendants respectfully request that this Court (i) dismiss Plaintiffs' lawsuit for the reasons stated in Defendants Motion to Dismiss (D.E. #16), and/or (ii) deny Plaintiffs' Motion for Summary Judgment and grant Defendants' Cross Motion for Summary Judgment (D.E. #34), and/or (iii) adopt Judge King's aforementioned rulings from the *Bennett* and *Bienamie* Lawsuits because the facts and issues in both cases are similar to those herein and preclude the need for class certification. *See* the *Bienamie* Lawsuit, D.E. #17.

6. This Court should not allow Plaintiffs to re-litigate the same facts and legal issues against the same Defendants (over and over again) and they should be ordered to "re-file any claims under Count I *as separate, individual claims with new case numbers*" (emphasis added, the *Bennett* Lawsuit, D.E. #115). Accord, <u>United States Golf Learning Inst., LLC v. Club Managers Ass'n of Am.</u>, 2012 U.S. Dist. LEXIS 31545 (M.D. Fla. 2012) (Court granted Defendant's Motion to Dismiss, with prejudice, asserting *res judicata* and collateral estoppel because (i) the issue at stake was the same in both proceedings; (ii) the issue was actually

3

litigated and necessary to the determination of the claim; and, (iii) Plaintiff had a full and fair opportunity to litigate the issue in the prior proceeding).

### DEFENDANTS' RESPONSE TO THE CURRENT CLASS ACTION MOTION

7. In this collective action, Plaintiffs allege violations of the Fair Labor Standards Act, as amended, (the "FLSA"), 29 US.C. § 201, *et. seq.*, Florida Minimum Wage Law, F.S. § 448.110, and the Florida Constitution Art. 10, Sec. 24.[1]

8. Plaintiffs, who were bartenders, servers, hosts and others similarly situated in one or more of Defendants' five restaurants located in Key West, Florida, were "tipped" employees under the FLSA for whom Defendants claimed a "tip credit."[2] *See Defendants' S.O.F., pp. 12-14*. In their lawsuit, Plaintiffs make several different claims, based on nominal deductions from their wages or tips, with the hope to gut Defendants of their "tip credit," with the result being a windfall for the Plaintiffs being paid for ***every hour worked*** at the full minimum wage (including hours that they received tips).[3]

9. In Plaintiffs' Class Action Motion, the "class sought to be certified" under Rule 23 is defined as follows:

> *All hourly paid tipped servers and bartenders employed by Defendants from January 2008 through May 11, 2011, who were paid at the reduced subminimum tip credit hourly-rate and who (1) participated in a tip pool; (2) Defendants deducted $3.00 per shift from their wage and for whom; and (3) Defendants deducted the cost of uniforms from the wage owed to them.*

---

[1] Defendants incorporate by reference, as if set forth herein, "DEFENDANTS' RESPONSE TO PLAINTIFFS' STATEMENT OF UNDISPUTED FACTS, WITH ADDITIONAL FACTS THAT DEFENDANTS CONTEND ARE MATERIAL IN DENYING PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT ON LIABILITY" (referred to herein as "Defendants' S.O.F.," ***D.E. #33***).
[2] Plaintiffs have not/did not argue that they did not receive more than $30 in tips per month. Thus, Plaintiffs concede they are "tipped employees" for purposes of the tip credit.
[3] Arguments similar to those advanced by Plaintiffs were rejected after careful analysis in *Goldin v. Boce Group L.C.*, 773 F. Supp. 2d 1376, 2011 U.S. Dist. LEXIS 33347, 2011 WL 1157618, 2 (S.D. Fla. 2011); and, *Dominguez v. Quigley's Ir. Pub, Inc.*, 790 F. Supp. 2d 803, 819 (N.D. Ill. 2011).

*See* Class Action Motion, DE #6, p. 4). Plaintiffs offer no explanation for the requested class action time frame, "January 2008 through May 11, 2011," especially given that this action was filed on January 22, 2013.

10. Notwithstanding, Defendants strenuously contest Plaintiffs' claim of "common questions of law and fact" and Plaintiffs' claim they are "similarly situated." As thoroughly explained in Defendants' pending Motions to Dismiss and Summary Judgment, Defendants assert the following:

a. The "27 minimum wage Plaintiffs" (referred to herein as the "*Minimum Wage Plaintiffs*," *see* D.E. 6, p. 2, ¶3) have each individually filed the same minimum wage claims that are the subject of this collective action. That is, the *Minimum Wage Plaintiffs*' claims are currently pending as 27 separate actions, under individual case numbers, and seeking the *same* relief for minimum wages violations that allegedly occurred throughout their *entire* respective periods of employment, regardless of whether such violations or claims are already covered under this collective action. *See, e.g., Gomes v. Hayes Robertson Group, Inc., et al.*, Case No. 13-cv-10022-JEM; *McGarry Warner v. Hayes Robertson Group, Inc., et al.*, Case No. 13-cv-10027-JLK; *Pawsey v. Hayes Robertson Group, Inc.*, et al., Case No. 13-cv-10028-KMM. These *Minimum Wage Plaintiffs* are essentially taking two bites at the apple in order to, *inter alia*, extort a higher recovery of minimum wages (or attorneys' fees). Instead, this Court should treat the filing of the *Minimum Wage Plaintiffs*' individual complaints, which assert the same claims the basis of this action, *as a withdrawal* from this request for collective action, just as the Court treated Bienaime's overtime claim as a withdrawal when he later re-filed the same overtime claim in a separate action. *See the Bienaime* Lawsuit, D.E. #19 pg. 3, footnote 3.[4]

---

[4] The Court dismissed a plaintiff, Jean Bienamie, from the *Bennett* collective action and Bienamie re-filed the same overtime claim from the *Bennett* case in his own separate lawsuit. *See Bienaime et al. v. Hayes Robertson Group,*

Having effectively withdrawn from this (or any future) collective action, Defendants request that this Court deny the current Class Action Motion.

      b.      Plaintiffs' class definition does not cure the defects identified by Judge King in the *Bennett* Lawsuit, D.E. #78, p. 6.  For example, "Plaintiffs fail to limit the proposed class to those tipped employees *who were not informed of the tip credit policy* and/or were not able to retain all of their tips by virtue of *participating in an invalid tip pool*" (the *Bennett* Lawsuit, D.E. #78, p. 6, emphasis added).  Defendants were/are eligible for a "tip credit" because, *inter alia*, (1) they informed all of the tipped employees of statutory requirements related to the tip credit; and, (2) all tips received by such employees were retained by the employees. *See Defendants' S.O.F., pp. 12-14*.

      c.      Plaintiffs shared in tips through a valid tip-pooling or tip-splitting arrangement (*see* 29 C.F.R. § 531.54): All employees were informed of statutory requirements related to the tip credit; All employees in the tip-pool received in excess of $30 per month in tips; All tips collected in the tip-pool (e.g., $3.00 for every shift worked by Plaintiffs and class members) were distributed to other employees (e.g., bussers, hostesses, and food runners) who customarily received tips; and, Defendants did not retain any of the tip pool.  *Id.*  Pursuant to a valid tip pool, Defendants deducted $3.00 for every shift worked by Plaintiffs and class members from their gross wages, which included "tip-ins" and "tip declarations" that included "service charges," as reflected on their paychecks/stubs.  *See Defendants' S.O.F., pp. 15-17*.  Plaintiffs' claim that Defendants took "control of Employees' tips" (*see* DE #6, pp. 8-12) is tenuous (*see* Defendants' S.O.F. (D.E. #33) and Defendants' Response to, and Cross Motion for, Summary Judgment

---

*Inc., et al.*, Case No. 4:12-cv-10094-JLK [D.E. 19].  Specifically, the Court stated that, "[a]s Jean Bienaime has since filed this separate action for the *same claim*, the Court will treat Bienaime's Complaint in this case as a *withdrawal* from the opt-in class of Case No. 11-cv-10105-JLK" (emphasis added).  *Bienaime et al. v. Hayes Robertson Group, Inc., et al.*, Case No. 4:12-cv-10094-JLK [D.E. 19 pg. 3, footnote 3].

(D.E. #34)) and they failed to establish the existence of any evidence to invalidate the "tip credit" claimed by Jack Flats, Caroline's, or Mangoes. For example, Plaintiffs offers no evidence that an employee of Jack Flats, Caroline's, or Mangoes, who worked outside the presence of customers, received tips or that they were forced to share tips with an employee who worked outside the presence of customers. *See Defendants' S.O.F.*

      d.      Defendants ***paid*** the Plaintiffs and class members for the "cost deduction to wages for uniforms." As such, ***each*** Plaintiff must account to this Court whether he or she was paid, in full, for this deduction ***before*** maintaining this collective action. (*See, Defendants' S.O.F.*, *e.g.*, D.E. #6-5, Walsh April 6, 2012 Depo., page 61, line 25, page 62, lines 1-4, Exhibit 27).

      e.      Any and all claimed deductions were made from Plaintiffs' "tip declarations," as reflected on their paychecks/stubs (*see Defendants' S.O.F.*). In addition, and because Plaintiffs were paid "service charges" and "tip-ins" as additional <u>wages</u>, ***each*** Plaintiff must account to this Court how much they were "tipped-in" ***before*** maintaining their claim that any deductions "reduce[d] an employees' wage below minimum wage" (*see Defendants' S.O.F.*).

      11.      Finally, even if this Court is to entertain Plaintiffs' request for Rule 23 class certification, Plaintiffs' request should be denied because the individual issues of the twenty-seven (27) Plaintiffs predominate over common issues: (i) There are numerous dates of hire (and rehire due to seasonal employment) and different employment positions held by each Plaintiff (sometimes at the same time, *e.g.*, several servers also worked as a bartender and/or host, who received additional "tip-ins"); (ii) different dates of termination of employment; (iii) different dates of minimum wage changes; (iv) different determinations for each Plaintiff as to the amount of money they received or accepted as additional wages (*e.g.*, as "service charges" and/or "tip-ins"); and, (v) the potential time period and the corresponding damages calculation is different

for each and every Plaintiff (and for each and every corporate Defendant). According to Eleventh Circuit case law:

> [C]ommon issues will not predominate over individual questions if, "as a practical matter, the resolution of [an] overarching common issue breaks down into an unmanageable variety of individual legal and factual issues." [....] **Certification is inappropriate** if the "plaintiffs must still introduce a great deal of individualized proof or argue a number of individualized legal points to establish most or all of the elements of their individual claims." [....] The predominance inquiry requires an examination of "'the claims, defenses, relevant facts, and applicable substantive law,' … to assess the degree to which resolution of the classwide issues will further each individual class member's claim against the defendant." [....]

*Babineau v. Federal Express Corp.*, 576 F.3d 1183, 2009 WL 2212158 *6 (11th Cir. 2009) (citations omitted and emphasis added). Consequently, Plaintiffs' Motion for Rule 23 Class Certification should be denied, with prejudice.

12.    With regard to Plaintiffs' second request for "Declaration of Class Action as to Minimum Wage Claims Pursuant to FLSA, 29 U.S.C. § 216(B)" (see D.E. #6, pp. 17-20), and relying on the well-reasoned opinion in *Bouthner v. Cleveland Constr., Inc.*, 2012 U.S. Dist. LEXIS 28497 (D. Md. 2012), Defendants assert that Plaintiffs' motion seeking conditional certification, pursuant to § 216(b) of the FLSA, of a class of current and former employees of multiple Defendants, who were allegedly denied minimum wage compensation by various Defendants, must be **denied** for the reasons articulated above and below.

**DEFENDANTS' OPPOSING MEMORANDUM OF LAW**

**I.     Factual Background of Defendants and Their "Tip Credit" and "Tip Pool"**

Defendants incorporate by reference, as if set forth herein, the "BACKGROUND" section of Judge King's July 20, 2012 Order in the *Bennett* Lawsuit, D.E. #78, and their recent "RESPONSE TO PLAINTIFFS' STATEMENT OF UNDISPUTED FACTS, WITH ADDITIONAL FACTS THAT DEFENDANTS CONTEND ARE MATERIAL IN DENYING

8

PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT ON LIABILITY," *see* D.E. #33.

## II. Defendants Opposition To Plaintiffs' Class Certification Under Rule 23 (DE #6, Pages 5-17)

In the event this Court considers the merits of Plaintiffs' request for Rule 23 class certification, Defendants incorporate by reference, as if set forth herein, the "ANALYSIS" section of Judge King's July 20, 2012 Order in the *Bennett* Lawsuit, D.E. #78, and respectfully request that this Court perform the same "rigorous analysis" of the predominance and superiority requirements performed by Judge King, *see also, Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1266 (11th Cir. 2009) ("A district court must conduct a rigorous analysis of the rule 23 prerequisites before certifying a class" (citations omitted)).  When properly analyzed, the claims of Plaintiffs' Complaint require individualized proof that will predominate over any arguable class-wide claims.  The Eleventh Circuit has summarized the predominance principles as follows:

> Whether an issue predominates can only be determined after considering what value the resolution of the class-wide issue will have in each class member's underlying cause of action. Common issues of fact and law predominate if they have a direct impact on every class member's effort to establish liability that is more substantial than the impact of individualized issues in resolving the claim or claims of each class member. If after adjudication of the classwide issues, plaintiffs must still introduce a great deal of individualized proof or argue a number of individualized legal points to establish most or all of the elements of their individual claims, [their] claims are not suitable for class certification under Rule 23(b)(3). In practical terms, while it is not necessary that all questions of fact or law be common, the addition or subtraction of any of the plaintiffs to or from the class [should not] have a substantial effect on the substance or quantity of evidence offered.
>
> To assess the impact of a common question on the class members' claims, a district court obviously must examine not only the defendant's course of conduct towards the class members, but also the class members' legal rights and duties. A plaintiff may claim that every putative class member was harmed by the defendant's conduct, but if fewer than all of the class members enjoyed the legal

9

> right that the defendant allegedly infringed, or if the defendant has non-frivolous defenses to liability that are unique to individual class members, any common questions may well be submerged by individual ones. This principle emerges clearly from our case law and that of other circuits. [Citations omitted.]

*Sacred Heart Health Sys., Inc. v. Humana Military Healthcare Servs., Inc.*, 601 F.3d 1159, 1170-71 (11th Cir. 2010) (internal citations and quotation marks omitted).

To determine whether common questions of law or fact predominate, the Court is required to examine the elements of the causes of actions set forth in the Complaint. *Erica P. John Fund, Inc. v. Halliburton Co.*, 131 S. Ct. 2179, 2184, 180 L. Ed. 2d 24 (2011); *Allapattah Servs., Inc. v. Exxon Corp.*, 333 F.3d 1248, 1260 (11th Cir. 2003). As explained earlier, Plaintiffs allege that Defendants breached the Florida Minimum Wage Provisions of the Florida Constitution.

Plaintiffs' Complaint clearly requires an examination of every compensable hour of labor performed by each individual Plaintiff: For example, there must be individualized calculation of, among other things, (i) whether the employee was "directly tipped," "indirectly tipped," or "non-tipped" and was notified of the same; (ii) if as a "tipped" employee, he or she received a reduced minimum wage and abided by the legal obligation to declare cash tips daily; (iii) if as a "tipped" employee, the "tipped out," *inter alia*, $3 per shift went to "indirectly tipped" support staff; (iv) the $3 per shift taken directly from a paycheck was distributed to support staff on their paychecks; and, (v) the "directly tipped" and/or "indirectly tipped" employee received additional wages as "tip-in" monies on their paycheck, as shown by a "TIP IN" line on paychecks.

Although this Court may find that there are some issues of fact and law that are common to all putative plaintiffs, Defendants assert that the remaining individualized issues predominate over the common issues. *See Lorenzo-Zamorano v. Overlook Harvesting Co., LLC*, 2011 U.S. Dist. LEXIS 103925 (M.D. Fla. 2011). In addition, and with regard to the second prong of Rule

23(b)(3), which requires a court to determine whether "a class action is superior to other available methods for fairly and efficiently adjudicating the controversy" (Fed. R. Civ. P. 23(b)(3)), the focus of this analysis is on "the relative advantages of a class action suit over whatever other forms of litigation might be realistically available to the plaintiffs." *Id., citing Klay v. Humana, Inc.*, 382 F.3d 1241, 1269 (11th Cir. 2004).

The predominance analysis has a "tremendous impact on the superiority analysis ... for the simple reason that, the more common issues predominate over individual issues, the more desirable a class action lawsuit will be as a vehicle for adjudicating the plaintiffs' claims." *Klay*, 382 F.3d at 1269. "The converse is also true: the less common the issues, the less desirable a class action will be as a vehicle for resolving them." *Lorenzo-Zamorano*, 2011 U.S. Dist. LEXIS 103925, *14-15, *citing Sacred Heart Health Sys.*, 601 F.3d at 1183-84. Consequently, this Court must find that because the Court is unable to manage Plaintiffs' claims of their Complaint on a class-wide basis, or with a relatively simple methodology because, *inter alia*, Plaintiffs' individual lawsuits are pending and proceeding to trial, a class action is not a superior proceeding.

In any event, and in effort to conserve time and expense for both this Court and Defendants, Defendants provide the following response in rebuttal of issues raised in the Plaintiffs' Class Action Motion:

    **1.**    **Numerosity cannot be met where each Plaintiff has an individual lawsuit pending and/or is set for trial (D.E. #6, pp. 5-6)**

Plaintiffs' claims are completely belied by the fact the Plaintiffs have filed individual lawsuits and have effectively opted-out of the requested class action. That is, over twenty-five former employees have separately filed minimum wage claims and Plaintiffs have ***not*** shown or

11

offered affidavits indicating that there are at least 25 other or additional similarly situated former employees who seek to join this lawsuit or to sue Defendants.

In addition, and because of the more than 25 separate lawsuits pending against the Defendants, it can no longer be claimed that class action is favorable because "there is the potential for reluctance among class members that continue to reside in Key West to sue individually for fear of being black-listed" (see D.E. #6, p. 6).  Plaintiffs have not shown (and cannot show) that any additional former employees want or desire to sue Defendants. Accordingly, the Court must find that the numerosity requirement of Rule 23 is not and cannot be satisfied.  *See, e.g., Sanders v. Drainfield Doctor, Inc.*, 2007 U.S. Dist. LEXIS 102491, 7-8 (M.D. Fla. 2007) ("Congress's purpose in authorizing collective actions under the FLSA was to avoid multiple lawsuits where 'numerous employees' have allegedly been harmed by the same violation. [Citation omitted.] *A potential class of twelve employees simply is not large enough to justify class treatment*.")

### 2. -3.   Commonality and Typicality (D.E. #6, pp. 6-14)

Plaintiffs' claims for unpaid minimum wages present numerous discrete legal issues and affect the types of damages available to the individual Plaintiffs, weighing against a finding of commonality or typicality, as explained above and in, among other things (*e.g.*, the pending Motions for Partial Summary Judgment), Judge King's July 20, 2012 Order in the *Bennett* Lawsuit, D.E. #78, pp. 8-11.

### 4.   There is a continuing doubt that the adequacy of class representation has been demonstrated under Fed. R. Civ. P. 23(g) (D.E. #6, pp. 14-15)

Since Judge King's July 20, 2012 Order in the *Bennett* Lawsuit, D.E. #78, pp. 11-12, Plaintiffs and the law firm seeking appointment as class counsel have done nothing to contradict Judge King's assertion that they **cannot** properly and adequately prosecute *Minimum Wage*

*Plaintiffs'* claims. That is, and in light of the tortured litigation history of the *Minimum Wage Plaintiffs'* lawsuits, this Court should also "doubt that adequacy of class representation has been demonstrated under Fed. R. Civ. P. 23(g)."

      **5.**     **The Requirements of Rule 23(b) cannot be met (D.E. #6, pp. 15-17)**

Defendants have shown that all of the elements of Rule 23(a) have not and cannot be met; as such, this Court need not shift to an analysis under Rule 23(b)(3). Notwithstanding, "[a]s detailed above, individualized legal and factual issues here predominate over common issues, and resolution of the common issues in a single, coordinated proceeding is not superior to individual lawsuits. *See Sacred Heart Health Sys., lnc. v. Humana Military Healthcare Servs., lnc.*, 601 F.3d 1159, 1170 (11th Cir. 2010)." The *Bennett* Lawsuit, D.E. #78, p. 12.

**III.**    **Defendants Opposition To and Motion for Decertification of Plaintiffs' Request for "Declaration of Class Action as to Minimum Wage Claims Pursuant to FLSA, 29 U.S.C. § 216(B)" (DE #6, page 17-20)**

Discovery is complete and five (5) trials are scheduled to begin before Judge King on July 29, 2013 in Case Nos. 4:13-cv-10009, 4:13-cv-10020, 4:13-cv-10021, 4:13-cv-10027, and 4:13-cv-10029. In light of these trials and the two (2) Motions that are fully briefed and dispositive of all of the issues raised in Plaintiffs' Class Action Motion (D.E. #16 and #34), and following the Eleventh Circuit's directive, this Court should consider Plaintiffs' Class Action Motion for court-supervised notification under the second stage of the two-tiered procedure outlined in *Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F.3d 1208, 1217 (11th Cir. 2001). *Anish v. Nat'l Sec. Corp.*, 2012 U.S. Dist. LEXIS 72987, *8 (S.D. Fla. 2012).

The second stage of the pretrial collective-action process is "triggered by an employer's motion for decertification." *Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1261 (11th Cir. 2008). Because such a motion is usually filed near the end of discovery, as it is here, "the

district court has a much thicker record than it had at the notice stage, and can therefore make a more informed factual determination of similarity." *Id*. "This second stage is less lenient, and the plaintiff bears a heavier burden." *Id*. Although the Eleventh Circuit has "again refused to draw bright lines in defining similarity" at the decertification stage, that court has recognized that "as more legally significant differences appear amongst the opt-ins, the less likely it is that the group of employees is similarly situated." *Id.* (*citing Anderson v. Cagle's Inc.*, 488 F.3d 945, 953 (11th Cir. 2007)). Factors that this Court should consider in its analysis include the following: "(1) disparate factual and employment settings of the individual plaintiffs; (2) the various defenses available to defendants that appear to be individual to each plaintiff; and (3) fairness and procedural considerations." *Id.* (alterations & internal quotation marks omitted). Therefore, "at the second stage, 'although the FLSA does not require potential class members to hold identical positions, the similarities necessary to maintain a collective action under §216(b) must extend beyond the mere facts of job duties and pay provisions' and encompass the defenses to some extent." *Id.* at 1261-62 (*quoting Anderson*, 488 F.3d at 953).

Here, Plaintiffs cannot meet their burden at either the first or second stage of the two-tiered procedure for the reasons set forth in Defendants' Motion to Dismiss and/or their Response to/Cross Motion for Summary Judgment. The Court in *Bouthner*, 2012 U.S. Dist. LEXIS 28497 (*citing Hipp*, 252 F.3d at 1217), acknowledged that, "'[s]imilarly situated' [does] not mean 'identical,'" and this Court should likewise find that even if Plaintiffs were able to provide sufficient factual support for their FLSA claims,

> certification of a collective action is nevertheless inappropriate as a result of the myriad of individualized factual and legal issues that would predominate. As this Court recently held in *Syrja*, 'the question of manageability at the notice stage' is an appropriate inquiry, and conditional certification of a collective action should not be granted if adjudication on a class-wide basis 'would require a cumbersome,

14

>individualized analysis of each class member's particular factual circumstances.' 756 F. Supp. 2d at 690.
>
>>This case involves two separate constructions sites, a general contractor, three subcontractors, and individual Plaintiffs that worked at different locations and for different combinations of employers. As Defendant FAS aptly notes in its opposition brief, Plaintiffs' motion for conditional certification 'offers no consideration for the fact that there are over seven different defendants in this case, does not adequately address the fact that there are two different construction projects implicated in this case, and makes no allowance for the vast and obvious differences that exist among the three Named Plaintiffs themselves, let alone between the Named Plaintiffs and a nebulous collection of 'similarly-situated employees.'"

*Bouthner*, 2012 U.S. Dist. LEXIS 28497, *22.

Because Plaintiffs in this case have failed to provide sufficient factual support for their motion for class certification, and because this case would be unmanageable if certified as a collective action, this Court must exercises its broad discretion and deny Plaintiffs' request for "Declaration of Class Action as to Minimum Wage Claims Pursuant to FLSA, 29 U.S.C. § 216(B)" (DE #6).

**IV.    Conclusion**

If this Court finds that Notice to potential opt-in plaintiffs is proper, Defendants hereby oppose the form of the notices attached to Plaintiffs' Class Action Motion (DE #6-22). The district court has broad discretion regarding the "details" of the notice sent to potential opt-in plaintiffs. *Lee v. ABC Carpet & Home*, 236 F.R.D. 193, 202 (S.D. N.Y. 2006). "The overarching policies of the FLSA's collective suit provisions require that the proposed notice provide 'accurate and timely notice concerning the pendency of the collective action, so that [potential plaintiffs] can make informed decisions about whether to participate.'" *Whitehorn v. Wolfgang's Steakhouse, Inc.*, 767 F. Supp. 2d 445, 450 (S.D. N.Y. 2011) (quoting *Fasanelli v. Heartland Brewery, Inc.*, 516 F. Supp. 2d 317, 323 (S.D. N.Y. 2007)).

Here, Plaintiffs' notice is deficient for among the following reasons (see D.E. #6-22): Item 1 includes "hostess […] in connection with the above referenced lawsuit." Item 3 includes "two or more locations as part of the restaurants' policy of sharing employees," which is irrelevant and unrelated to this action. Item 4 and 5 include "worked combined hours exceeding forty hours a week," which is irrelevant and unrelated to this action. In addition, Plaintiffs' notice fails to assert Defendants' position in the lawsuit and to advise potential plaintiffs adequately about the right to join this suit with their own attorney and the possibility of having to participate in the discovery process and the trial (see DE #6-22). *See, e.g., Wass v. NPC Int'l, Inc.*, 2011 U.S. Dist. LEXIS 32761, 2011 WL 1118774, at *10 (D. Kan. 2011) (requiring the plaintiffs to amend a notice to include a statement about the defendant's position); *Whitehorn*, 767 F.Supp.2d at 450-51 (requiring amendment of proposed notice to inform potential opt-in plaintiffs "of the possibility that they will be required to participate in discovery and testify at trial" and "to state that participating plaintiffs may retain their own counsel"). Consequently, Defendants respectfully request that this Court modify the proposed notice to potential class members to correct these deficiencies.

WHEREFORE, for the foregoing reasons, Defendants, HAYES ROBERTSON GROUP, INC., a Florida corporation, d/b/a Mangos Restaurant, d/b/a Fogarty's, d/b/a Fogarty's Restaurant Bar and Bakery, d/b/a Caroline's Café, REDFISH, BLUEFISH, INC., a Florida corporation, d/b/a Redfish, Bluefish, CAREN WINNIFRED DEMENT, individually, and JOSEPH H. WALSH, individually, request that this Court deny Plaintiffs' Motion for Declaration of Class Action as to Minimum Wage Claims Pursuant to Rule 23(B)(3) and Motion for Declaration to Certify Class Action as to Overtime Wage Claims Pursuant to 29 U.S.C. § 216(B), and grant any and all other relief this Court deems equitable and just.

                                        Respectfully Submitted By:

                                        /s/ Shyamie Dixit_____
                                        Shyamie Dixit
                                        Dixit Law Firm
                                        Florida Bar No. 719684
                                        3030 N. Rocky Pt. Drive W., Ste. 260
                                        Tampa, FL 33607
                                        Tel: (813) 252-3999
                                        Cell: (813) 992-8118
                                        Fax: (813) 252-3997
                                        Email: sdixit@dixitlaw.com
                                        *Attorney for Defendants*

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that on the 3rd day of June 2013, I filed the foregoing with the Clerk of Court by utilizing the Court's CM/ECF system, which will send a Notice of Electronic Filing to:

EDDY O. MARBAN, ESQ.
ISAAC MAMANE, ESQ.
THE LAW OFFICES OF EDDY O. MARBAN
1600 Ponce De Leon Boulevard, Suite 902
Coral Gables, Florida 33134
Tel: 305-448-9292
Fax: 305-448-9477
E-mail: marbanlaw@gmail.com
E-mail: mamane@gmail.com

                                        /s/ Shyamie Dixit