**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**KEY WEST DIVISION**

PAUL LOPEZ, ANDREA TRDINA, and
others similarly-situated,
     Plaintiffs,

vs.                                CASE NO. 13-10004-CIV-MARTINEZ-
                                          MCALILEY

HAYES  ROBERTSON  GROUP,  INC.,
et al.,
     Defendants.
_____/

**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO**
**PLAINTIFF'S FLSA COMPLAINT**

Defendants, HAYES ROBERTSON GROUP, INC., a Florida corporation d/b/a Mangos

Restaurant, d/b/a Fogarty's, d/b/a Fogarty's Restaurant Bar and Bakery, d/b/a Caroline's Café,

REDFISH, BLUEFISH, INC., a Florida corporation, d/b/a Redfish, Bluefish, 37 COURT

INVESTMENTS, INC., a Florida corporation, d/b/a Jack Flats, CAREN WINNIFRED

DEMENT, individually, and JOSEPH H. WALSH, individually, collectively referred to herein

as "Defendants" and by and through undersigned counsel, hereby respond to Plaintiff's FLSA

Complaint (the "Complaint") as follows in numbered paragraphs corresponding to the numbered

paragraphs of the Complaint.  Defendants deny each and every allegation not expressly admitted

below:

**JURISDICTIONAL ALLEGATIONS**

1.     Defendants admit the allegations of this paragraph of the Complaint for

jurisdictional purposes only.

2. Defendants plead that they are without sufficient information to form a belief as to the truth or falsity of the conclusions asserted in this paragraph of the Complaint, and accordingly deny the averments.

3. Defendants HAYES ROBERTSON GROUP, INC., REDFISH, BLUEFISH, INC. and 37 COURT INVESTMENTS, INC. admit the allegations of this paragraph of the Complaint. Defendants CAREN WINNIFRED DEMENT and JOSEPH H. WALSH admit the allegations of this paragraph of the Complaint for jurisdictional purposes only.

4. Defendants admit the allegations in this paragraph of the Complaint for jurisdictional purposes only.

5. Defendants admit the allegations in this paragraph of the Complaint for jurisdictional purposes only.

6. Defendants admit the allegations in this paragraph of the Complaint for jurisdictional purposes only.

7. Defendants admit the allegations in this paragraph of the Complaint for jurisdictional purposes only.

## COUNT I
## RECOVERY OF MINIMUM WAGE AGAINST THE EMPLOYER AND
## GENERAL ALLEGATIONS AS TO THE MINIMUM WAGE PLAINTIFFS

8. Defendants repeat and reallege their responses in paragraphs 1 through 9 above as their response to this paragraph of the Complaint.

9. Defendants plead that they are without sufficient information to form a belief as to the truth or falsity of the conclusions asserted in this paragraph of the Complaint, and accordingly deny the averments as they relate to Defendants.

10. Defendants deny the allegations in this paragraph of the Complaint.

11.     Defendants admit the allegations in this paragraph of the Complaint

12.     Defendants admit the allegations in this paragraph of the Complaint

13.     Defendants deny the allegations in this paragraph of the Complaint.

14.     Defendants deny the allegations in this paragraph of the Complaint.

15.     Defendants deny the allegations in this paragraph of the Complaint.

16.     Defendants deny the allegations in this paragraph of the Complaint.

17.     Defendants deny the allegations in this paragraph of the Complaint.

18.     Defendants deny the allegations in this paragraph of the Complaint.

19.     Defendants deny the allegations in this paragraph of the Complaint.

20.     Defendants deny the allegations in this paragraph of the Complaint.

### PAUL LOPEZ

21.     Defendants deny the allegations in this paragraph of the Complaint.

22.     Defendants deny the allegations in this paragraph of the Complaint.

### TRDINA

23.     Defendants deny the allegations in this paragraph of the Complaint.

24.     Defendants deny the allegations in this paragraph of the Complaint.

### WILLFUL VIOLATIONS

25.     Defendants deny the allegations in this paragraph of the Complaint.

26.     Defendants deny the allegations in this paragraph of the Complaint.

27.     Defendants deny the allegations in this paragraph of the Complaint.

28.     Defendants deny the allegations in this paragraph of the Complaint.

WHEREFORE, Defendants demand judgment in their favor on each of the Plaintiff's claims, together with the recovery of court costs and reasonable attorney's fees, and such other and further relief as the Court deems appropriate.

## CLASS ACTION ALLEGATIONS

29.     Defendants deny the allegations in this paragraph of the Complaint.

30.     Defendants deny the allegations in this paragraph of the Complaint.

31.     Defendants deny the allegations in this paragraph of the Complaint.

32.     Defendants deny the allegations in this paragraph and all subparagraphs of the Complaint.

33.     Defendants deny the allegations in this paragraph of the Complaint.

34.     Defendants deny the allegations in this paragraph of the Complaint.

35.     Defendants deny the allegations in this paragraph of the Complaint.

36.     Defendants deny the allegations in this paragraph of the Complaint.

WHEREFORE, Defendants demand judgment in their favor on each of the Plaintiff's claims, together with the recovery of court costs and reasonable attorney fees and such other and further relief as the Court deems appropriate.

## AFFIRMATIVE DEFENSES

Defendants specifically deny any allegations and conclusions of law, if any, to which they did not specifically reply in their response to the Complaint.  In addition, Defendants, by and through their undersigned attorneys and without waiving their denials and defenses to the Complaint, state as follows for their affirmative defenses to the Complaint:

1.     Plaintiff is not similarly situated to any other person for purposes of the multiple FLSA lawsuits pending against these Defendants.

2.      Plaintiff's claims are barred in whole or in part by the applicable statute of limitations.

3.      Plaintiff's claims are barred in whole or in part by the doctrine of avoidable consequences.

4.      Defendants are entitled to a credit or set-off for certain additional compensation (including but not limited to "tip-ins" and/or "service charges") paid to Plaintiff.

5.      Plaintiff was paid all compensation to which he was/is entitled under the FLSA or Florida Statutes.

6.      The complaint fails to state a claim for which liquidated damages can be awarded.

7.      Defendants did not willfully deprive any person (including Plaintiff) of any wages to which they may have been entitled.

8.      Defendants have acted in good faith and with reasonable belief that they have not violated the FLSA or Florida Statutes.

9.      Plaintiff is not entitled to any recovery because any alleged acts or omissions were made by Defendants in good faith in conformity with and reliance on applicable administrative regulations, orders, rulings, approvals or interpretations, or administrative practice or enforcement policies with respect to the class of employers or persons to which Defendants belong.

10.     All or part of the time for which Plaintiff seeks compensation does not constitute compensable working time.

11.     All or parts of the claims are barred under the *de minimis* doctrine.

12.     The complaint fails to state a claim upon which injunctive relief can be awarded.

13.     Plaintiff's claims are barred in whole or in part under the provisions of the Portal-to-Portal Act.

14.     The complaint fails to state a claim upon which attorneys' fees or costs can be awarded.

## RESERVATION OF RIGHTS

Defendants reserve the right to assert any and all additional defenses as may be determined necessary during the course of discovery and to seek attorneys' fees and costs under any applicable statute.

## DEMAND FOR JURY TRIAL

Defendants hereby invoke their right to a jury trial on all issues so triable.

WHEREFORE, Defendants pray for judgment as follows: Plaintiff take nothing by reason of the Complaint, and that the same be dismissed with prejudice on the merits; Defendants be awarded judgment in their favor against Plaintiff; Defendants recover their costs of suit herein; and, Defendants be granted such further and other relief as the Court deems just and proper.

Dated: July 19, 2013

Respectfully submitted,
**DIXIT LAW FIRM, PA**

/s/Shyamie Dixit
SHYAMIE DIXIT
Florida Bar No.: 719684
ROBERT VESSEL
Florida Bar No.: 314536
Dixit Law Firm, PA
3030 N. Rocky Point Drive West, Suite 260
Tampa, FL 33607
Tel: 813-252-3999
Fax: 813-252-3997
Email: sdixit@dixitlaw.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 19th day of July, 2013, I filed the foregoing with the Clerk of the United States District Court for the Southern District of Florida by using the CM/ECF system, which will send a Notice of Electronic Filing to the following:

EDDY O. MARBAN, ESQ.
ISAAC MAMANE, ESQ.
THE LAW OFFICES OF EDDY O. MARBAN
1600 Ponce De Leon Boulevard, Suite 902
Coral Gables, Florida 33134
Tel: 305-448-9292
Fax: 305-448-9477
E-mail: marbanlaw@gmail.com
E-mail: mamane@gmail.com

/s/Shyamie Dixit
Attorney