## SETTLEMENT, MUTUAL RELEASE AND CONFIDENTIALITY AGREEMENT

THIS SETTLEMENT, MUTUAL RELEASE AND CONFIDENTIALITY AGREEMENT (the "AGREEMENT") is made by and between OLIVIA GOMES (herein referred to as "PLAINTIFF"), together with PLAINTIFF's heirs, agents, legal representatives, successors, assigns and attorneys; and HAYES ROBERTSON GROUP, INC., d/b/a Mangos Restaurant, d/b/a Fogarty's, d/b/a Fogarty's Restaurant Bar and Bakery, d/b/a Caroline's Cafe, and its parents, subsidiaries, affiliated corporations, owners, shareholders, agents, directors, and officers (herein referred to as "HAYES"); REDFISH, BLUEFISH, INC., d/b/aRedfish, Bluefish, and its parents, subsidiaries, affiliated corporations, owners, shareholders, agents, directors, and officers (herein referred to as "REDFISH"); 37 COURT INVESTMENTS, INC., d/b/a Jack Flats, and its parents, subsidiaries, affiliated corporations, owners, shareholders, agents, directors, and officers (herein referred to as "37 COURT"); CAREN WINNIFRED DEMENT, together with her heirs, agents, legal representatives, successors, assigns and attorneys (herein referred to as 'DEMENT"); and JOSEPH H. WALSH, together with his heirs, agents, legal representatives, successors, assigns and attorneys (herein referred to as "WALSH"); collectively HAYES, REDFISH, 37 COURT, DEMENT, and WALSH are herein referred to as "DEFENDANTS").

In consideration of mutual promises and covenants contained herein, and other good and valuable consideration, the receipt and adequacy of which is hereby acknowledged, and in order to fully and completely compromise, settle and resolve all existing disputes, disagreements, and controversies, known or unknown, the parties hereby agree as follows:

**1. Terms of Payment.** As consideration for the release of claims, as set forth in paragraph 3 of this agreement, that PLAINTIFF may have against DEFENDANTS as of the date of execution of this AGREEMENT, DEFENDANTS agree to pay and deliver to the Law Office of Eddy O. Marban, Esq., the total sum of Three Hundred Ninety-Seven and 03/100 Dollars ($397.03), excluding attorneys' fees and costs, made payable to Olivia Gomes. This sum shall be made payable within fifteen (15) days of execution of this agreement, which shall not be unreasonably withheld, and shall be reported through a Form 1099 for the calendar year in which they are issued.

PLAINTIFF agrees to indemnify and hold harmless the DEFENDANTS from and against any and all liability that DEFENDANTSmay sustain as a result of claims, demands, costs, or judgments relating to these payments. PLAINTIFF further represents thatPLAINTIFF and PLAINTIFF's legal representatives alone are entitled to the settlement funds received and there are no claims or liens whatsoever made to these funds by any other party, including any claims made by any insurance carrier. In the event that amounts paid to PLAINTIFFpursuant to this AGREEMENT are subject to any claims, liens or subrogated interests, PLAINTIFF agrees to indemnify and hold harmless DEFENDANTS from and against any and all liability that DEFENDANTS may sustain as a result of such claims, liens or subrogated interests.

PLAINTIFF_____                              HAYES / REDFISH / 37 COURT 
                                             WALSH
                                             DEMENT

**2. <u>Non-Admission.</u>**The parties agree that, although this sum is being paid for alleged violations of the Fair Labor Standards Act,DEFENDANTS denied and continue to denyany and all liability to PLAINTIFF and nothing in this AGREEMENT shall be construed as an admission of wrongdoing

**3. <u>Release</u>**.  PLAINTIFF agrees to fully release DEFENDANTS from any and all claims that PLAINTIFF may have from the beginning of time until the date of this agreement, whether known or unknown, suspected or unsuspected, which PLAINTIFF now owns or holds, and to waive any right to recover in any action which may be brought on PLAINTIFF's behalf by any person or entity, including any governmental agency such as the U.S. Department of Labor, U.S. Equal Employment Opportunity Commission, The Florida Commission on Human Relations or the Department of Labor (the named agencies are meant to be illustrative rather than all-inclusive), including but not limited to any violations of:

- The FLSA (**<u>EXCEPTIONS SET FORTH BELOW</u>**);
- Title VII of the Civil Rights Act of 1964, as amended;
- The Civil Rights Act of 1991;
- Sections 1981 through 1988 of Title 42 of the United States Code, as amended;
- The Employee Retirement Income Security Act of 1974, as amended;
- The Family and Medical Leave Act of 1993, as amended;
- The Immigration Reform and Control Act, as amended;
- The Equal Pay Act, as amended;
- The Age Discrimination in Employment Act; as amended;
- The Americans with Disabilities Act, as amended;
- The Workers Adjustment and Retraining Notification Act, as amended;
- The Occupational Safety and Health Act, as amended;
- The Sarbanes-Oxley Act of 2002;
- The Florida Civil Rights Act – Fla. Stat. §760.01 et seq.;
- The Florida Whistle Blower Act – Fla. Stat. §448.101 et seq.;
- Florida Wage Payment Laws (**<u>EXCEPTIONS SET FORTH BELOW</u>**);
- Florida Workers' Compensation Retaliation Statute, Fla. Stat. Section 440.205;
- Miami-Dade Wage Theft Ordinance, as amended, Chapter 22, Sections 1-10 of the Code of Miami-Dade County;
- Any and all claims based upon tort, personal injury, or common law;
- Any and all claims based upon public policy, contract (both expressed and implied);
- Any and all claims for wrongful discharge, unpaid wages, back wages, future wage loss, employee benefits, bonuses, stock options;
- Any other federal, state or local statute, regulation or ordinance; and
- Any and all claims for punitive or liquidated damages.

PLAINTIFF_____                                          HAYES / REDFISH / 37 COURT 
                                                        WALSH
                                                        DEMENT

Notwithstanding the foregoing, PLAINTIFF is not releasing any claimsalleging violations arising under Federal and Florida minimum wage laws arising from: 1) Claims arising from DEFENDANTS allegedly failing to inform PLAINTIFF of the requirements of the tip credit; 2) Claims arising from the DEFENDANTS deducting $3.00 per shift from PLAINTIFF; 3) Claims arising from invalidation of the tip pool; 4) Claims arising from the class action currently pending in the United States District Court for the Southern District of Florida, *Lopez, et al. v. Hayes Robertson Group, Inc., et al*., Case no. 13-10004-CIV-MARTINEZ/MCALILEY; 5)Claims for reasonable attorneys fees and costs (which PLAINTIFF may subsequently request).

With exception to Defendants' claims or defenses to the claims not released by Plaintiff in the foregoing paragraph, DEFENDANTS hereby fully remiss, release, acquit, satisfy and discharge PLAINTIFF from any and all disputes, claims and demands, past, present or future, known or unknown, suspected or unsuspected, fixed or contingent, liquidated or unliquidated, matured or unmatured or contingent, and all manner of action and actions, causes of action, suits, administrative proceedings, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, torts, trespasses, damages, judgments, executions, warranties, claims and demands whatsoever, in law or in equity, whether based in common law, statute, contract, warranty, tort or otherwise, known or unknown, suspected or unsuspected, that DEFENDANTS may have against PLAINTIFF from the beginning of time until the date of this agreement.

4. <u>**Voluntary Dismissal of Lawsuit**</u>. The parties hereto agree that, upon the final execution of this AGREEMENT by all parties, the parties will voluntarily dismiss, with prejudice, all claims in the case styled, *Olivia Gomes v. Hayes Robertson Group, Inc., et al., Case No. 13-10022-CIV-MARTINEZ and Danielle Wittler, et al. v. Hayes Robertson Group, Inc., et al., Case No. 11-10105-CIV-KING,* filed in the United States District Court, for the Southern District of Florida,with the exception of: 1) Claims arising from DEFENDANTS allegedly failing to inform PLAINTIFF of the requirements of the tip credit; 2) Claims arising from the DEFENDANTS deducting $3.00 per shift from PLAINTIFF; 3) Claims arising from invalidation of the tip pool; 4) Claims arising from the class action currently pending in the United States District Court for the Southern District of Florida, *Lopez, et al. v. Hayes Robertson Group, Inc., et al*., Case no. 13-10004-CIV-MARTINEZ/MCALILEY; 5)Claims for reasonable attorneys fees and costs (which PLAINTIFF may subsequently request).PLAINTIFF will request at the appropriate time. PLAINTIFF agrees to submit this agreement for approval and may move for reasonable attorneys' fees and costs incurred in this action.The parties stipulate that a motion for clarification will be filed with the Court to determine whether attorney's fees issues should be consolidated with the related sister cases.

5. <u>**Confidentiality**</u>. It is understood and agreed that the existence, terms, conditions and monetary amount of this AGREEMENT are confidential, and that PLAINTIFFshall not disclose, publicize, discuss, publish or disseminate the existence, terms, conditions or monetary amount of this AGREEMENT from the time the settlement was agreed upon forward. In the event any other person or entity asks PLAINTIFF about the lawsuit or about any of the disputes relating to PLAINTIFF's alleged employment with DEFENDANTS, PLAINTIFF shall respond only that the matter was amicably resolved and shall provide no further information.

PLAINTIFF_____                                HAYES / REDFISH / 37 COURT
                                                WALSH
                                                DEMENT

DEFENDANTSagree that the existence, terms, conditions and monetary amount of this AGREEMENT, specifically includingare confidential, and that DEFENDANTS shall not disclose, publicize, discuss, publish or disseminate the existence, terms, conditions or monetary amount of this AGREEMENT from the time the settlement was agreed upon forward.  In the event any other person or entity asks the DEFENDANTS about the lawsuit or about any of the disputes relating to PLAINTIFF's employment with the DEFENDANTS, the DEFENDANTS and its legal representatives shall respond only that the matter was amicably resolved and shall provide no further information.

This confidentiality requirement does not preclude the PARTIES from disclosing the existence, terms, conditions and monetary amount of this AGREEMENT: a)to the PARTIES' lawful spouse, legal representatives, accountants, insurers and tax preparers; b)to Government officials upon request or pursuant to subpoena, in response to a Court order, or when required for court approval; c) for enforcement of agreement; and d) when otherwise required by law.  In the event disclosure is required to a spouse, legal representative, accountant, or tax preparer, it shall be the parties' responsibility to advise said individual(s) of the confidential nature of this AGREEMENT and to secure from such individual his orherassent to be bound by this confidentiality agreement not to disclose, publicize or discuss this AGREEMENT or any of their terms with anyone else.

In the event disclosure is required to government officials upon request or pursuant to subpoena, in response to a Court order, PLAINTIFF shall provide notice to DEFENDANTS within three days of such requests, to permit DEFENDANTS to assert what rights are available to them.

The parties acknowledge that PLAINTIFF is not releasing all claims against DEFENDANTS, and it may be necessary for the PARTIES to testify as to released claim(s) during the present lawsuit or in a related lawsuit. Thus, nothing herein shall prevent the PARTIES from disclosing or testifying as to any underlying fact(s) or circumstance(s)of any released claim(s), or the existence of any released claim(s) or lawsuit(s), in a lawsuit filed against all, or some, of the DEFENDANTS, regardless of whether the PARTY is required to testify as a party or a witness to the case.

6. **Future Job Reference**. DEFENDANTS agrees that if at any time in the future it should receive inquiries concerning PLAINTIFF's employment with the DEFENDANTS, DEFENDANTS will provide only neutral information concerning PLAINTIFF's dates of employment, last position held, and salary.

7. **Rehiring**. EMPLOYER will not, at any time, be obligated to employ PLAINTIFF, and failure to employ or contract PLAINTIFFshall not constitute an act of retaliation.

8. **Application of the laws of the State of Florida**.  This AGREEMENT and the application or interpretation thereof, shall be governed exclusively by their terms and by the laws

PLAINTIFF_____                                HAYES / REDFISH / 37 COURT
                                                WALSH
                                                DEMENT _____

4

of the State of Florida.The parties agree that jurisdiction over this matter shall be in a court of competent jurisdiction in Monroe County.

   **9.** **Entire Agreement**.   This AGREEMENT represents the entire agreement and understanding between the parties and supersedes all prior negotiations, understandings, representations (if any), and agreements made by and between the parties.

   **10. Construction**.  This AGREEMENT shall not be construed against the party who drafted the same, as all parties have retained experts of their choosing to review this AGREEMENT prior to execution.

   **11. Enforceability**.  If any term or condition of this AGREEMENT shall be declared to be illegal, invalid or unenforceable to any extent or in any application, then the remainder of this AGREEMENT and such term or condition except to such extent or in such application, shall not be affected hereby and each and every term and condition of this AGREEMENT shall be valid and enforced to the fullest extent and the broadest application permitted by law.  Any future tax consequences that may arise shall not provide a basis to set aside, or in any way alter, this AGREEMENT.

   **12. Attorney's Fees.**The parties further agree that in the event it should become necessary to take legal action in order to enforce the terms of this AGREEMENT, the prevailing party shall be entitled to additional attorney's fees and costs.

   **13. Modification**.  This AGREEMENT may not be modified, supplemented or waived orally, but only in writing signed by the party as to whom the enforcement of such modification, supplement or waiver is sought and making specific reference to this AGREEMENT.

   **14. Binding Effect**.  All of the terms of this AGREEMENT shall be binding upon, and inure to the benefit of and be enforceable by, the parties and their personal or legal representatives, heirs, successors, beneficiaries and permitted assigns.

   **15. Agreement Not to Be Used as Evidence**.   This AGREEMENT shall not be admissible as evidence in any proceeding except one in which a party to this AGREEMENT seeks to enforce this AGREEMENT, and this AGREEMENT has been breached or seeks contribution for amounts paid under this AGREEMENT or one in which a court or administrative agency of competent jurisdiction orders a party to produce this AGREEMENT.

   **16. OWBPA**.Pursuant to the Older Workers Benefit Protection Act ("OWBPA"), PLAINTIFFacknowledges that PLAINTIFF has a period of at least twenty-one (21) days to consider whether to execute this Agreement, and that PLAINTIFF understands that PLAINTIFF may revoke the waiver of PLAINTIFF's rights and claims under the ADEA by delivering a written statement of revocation to DEFENDANTS' counsel, Shyamie Dixit, Esq., Dixit Law Firm, 3030 North Rocky Point Drive, Suite 260, Tampa, Florida 33607, via e-mail at *sdixit@dixitlaw.com*, on or before the seventh (7th) day after PLAINTIFF signs this AGREEMENT.  PLAINTIFFfurther acknowledges that this AGREEMENT will not become effective until the 7-day revocation period has expired and that if PLAINTIFF revokes this

PLAINTIFF_____                                        HAYES / REDFISH / 37 COURT

                                                         WALSH

                                                         DEMENT

AGREEMENT, PLAINTIFF is not entitled to, and DEFENDANTS will not pay to him, any of the settlement amounts described in Paragraph 1 of this AGREEMENT.

     17. **Signatures in Counterparts**.  This AGREEMENT may be executed in counterparts, and each counterpart, when executed, shall have the efficacy of a signed original.  However, such counterparts shall together constitute one and the same document.

     IN WITNESS WHEREOF, the parties have executed this Settlement, Mutual Release and Confidentiality Agreement the day and year written.

Date: _____     _____

                   OLIVIA GOMES

Date: 2-13-2014     _____

                   HAYES ROBERTSON GROUP, INC., d/b/a Mangos Restaurant, d/b/a Fogarty's, d/b/a Fogarty's Restaurant Bar and Bakery, d/b/a Caroline's Cafe

                   REDFISH, BLUEFISH, INC., d/b/a Redfish, Bluefish

                   37 COURT INVESTMENTS, INC., d/b/a Jack Flats

                   **Title**: PRESIDENT

                   **Name**: JOSEPH WALSH

Date: 2-13-2014     _____

                   JOSEPH WALSH

Date: 2-13-2014     _____

                   CAREN WINNIFRED DEMENT

PLAINTIFF_____                 HAYES / REDFISH / 37 COURT
                                          WALSH
                                          DEMENT