# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## KEY WEST DIVISION

### CASE NO. 13-10004-CIV-MARTINEZ/GOODMAN

### [CONSENT CASE]

PAUL LOPEZ, et al.,

      Plaintiffs,

v.

HAYES ROBERTSON GROUP,
INC., et al.,

      Defendants.

_____/

### ORDER DENYING DEFENDANTS' MOTION FOR DECERTIFICATION

The procedural history of this matter is long and complex. In December of 2011, a putative class action was filed against the present Defendants by 21 of the Plaintiffs in the present action. *See Bennett et al. v. Hayes Robertson Group, Inc. et al.*, No. 11-10105-JLK, ECF No. 1 (S.D. Fla. Dec. 30, 2011). The plaintiffs in *Bennett* moved to certify a class for their claims under Federal Rule of Civil Procedure 23(b). *Bennett*, ECF No. 78, pp. 1-2.[1] The *Bennett* court denied the motion to certify that class and dismissed without prejudice the minimum wage claims, directing the plaintiffs to re-file those claims as individual actions. *Id.* at pp. 1-12; *Bennett*, ECF No. 115. Following that direction, nearly all of the plaintiffs in *Bennett* filed individual minimum wage actions against

---

[1] The *Bennett* plaintiffs also brought a claim under the Fair Labor Standards Act ("FLSA") for unpaid overtime compensation. The *Bennett* court certified a collective action under the FLSA for those claims. *Bennett*, ECF No. 78. However, those overtime claims are not at issue in this lawsuit.

Defendants. Additionally, several individuals who were not named plaintiffs in *Bennett*, but who would have been encompassed within the requested *Bennett* class if it had been certified, filed their own minimum wage actions against Defendants.

In total, twenty-seven individual actions were filed against Defendants, including this one, which originated with two named Plaintiffs: Paul Lopez and Andrea Trdina. In September of 2013, Magistrate Judge Chris McAliley granted certification of a class action in this matter as to minimum wage claims pursuant to Federal Rule of Civil Procedure 23(b)(3) and the Fair Labor Standards Act ("FLSA"), 29 U.S.C. 216(b). [ECF No. 47]. Citing the fact that this action involved "different named plaintiffs, a different class definition, and a significantly more developed factual record than was available in *Bennett*[,]" Judge McAliley certified a Rule 23(b)(3) class defined as:

> All hourly-paid tipped servers and bartenders employed by Defendants from January 2008 through May 11, 2011, who were paid at the reduced subminimum tip credit hourly-rate and: (1) who participated in a tip pool, and (2) from whom Defendants deducted $3.00 per shift from their wages.

[*Id.*, at pp. 8, 16].

Additionally, Judge McAliley certified an FLSA class under 29 U.S.C. § 216(b) for unpaid minimum wage claims. [*Id.*, at pp. 16-19]. However, after the FLSA class action was certified, the parties stipulated -- during a hearing -- that the action should *not* proceed as an FLSA collective action; instead, the parties agreed to proceed *solely* as a Rule 23 class action. [ECF Nos. 116; 118]. This stipulation was memorialized in Judge McAliley's Order:

> At the conference, the parties agreed the Rule 23 class definition includes all members of the FLSA collective action and that the relief sought by both classes is the same. Based on the parties' agreement, the Court will issue a Proposed Class Notice to be sent **only to the potential members of the Rule 23 Class.**

[ECF No. 117, p. 2]. (emphasis added).

Accordingly, the Class Notice approved by the Court and issued in this case stated in relevant part:

> This litigation was initially brought by Paul Lopez and Andrea Trdina ("Class Representatives") . . . alleging violations of the minimum wage laws under the Federal Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, the Florida Minimum Wage Act, Fla. Stat. § 448.110 and the Florida Constitution, Art. X, Sec. 24. The Class Representatives sought certification of two separate classes, one that includes persons who bring claims under the Federal statute ("the "Federal Class") and another who bring claims under the Florida Statute (the "Florida Class"). This Notice concerns only the claims brought under the Florida Class, as the members for the Federal Class have been identified.

[ECF Nos. 118, p. 2; 125, p. 2]. In accordance with the parties' agreement, and as reflected in the Class Notice, FLSA opt-in procedures were never established in this matter, and so putative class members were only provided with the ability to *opt-out* under Rule 23. Thus, under these circumstances, the *only* class action presently being pursued in this case is a *Rule 23* Class Action.

After Judge McAliley certified the class in this matter (and before the Class Notice was issued), all of the other individual actions against Defendants were consolidated into this single action. [ECF Nos. 53-61; 64-70; 78-79]. Additionally, the parties consented to full Magistrate Judge jurisdiction for all matters, excluding trial in

this case. [ECF No. 84]. Subsequent to consenting to Magistrate jurisdiction and to the Class Notice being issued, the parties filed cross motions for summary judgment on several issues [ECF Nos. 93; 104], both of which Judge McAliley denied [ECF No. 135]. The case was thereafter assigned to the Undersigned in accordance with Administrative Order 2013-63.

Defendants then filed a motion for decertification of both the FLSA and Rule 23 classes. [ECF No. 141]. Plaintiffs filed a response [ECF No. 144], and Defendants filed a reply [ECF No. 145]. The matter is now ripe for ruling. For the reasons outlined below, the Undersigned **denies** the motion to decertify.

<u>**Defendants' Motion for Decertification**</u>

In the first 19 pages of the 36-page motion,[2] Defendants rehash their summary judgment arguments, putting forth an explanation of their perspective on the *merits* of Plaintiffs' claims in general in the so-called "Introduction and Procedural Background" and "Statement of Facts" sections. [ECF No. 141, pp. 1-19]. While the court's class certification analysis "may 'entail some overlap with the merits of the plaintiff's underlying claim,' Rule 23 grants courts no license to engage in free-ranging merits inquiries at the certification stage." *Amgen Inc. v. Conn. Ret. Plans & Trust Funds*, 133 S. Ct. 1184, 1194 (2013) (citing *Dukes*, 131 S. Ct. at 2552 n. 6). Rather, "[m]erits questions may be considered to the extent—but only to the extent—that they are relevant to

---

[2]     Defendants moved for [ECF No. 140] and the Court granted [ECF No. 142] Defendants' motion to exceed the page limitation for the motion to certify.

determining whether the Rule 23 prerequisites for class certification are satisfied." *Id.* Thus, the Court will not be addressing the extensive arguments on the merits of the case that Defendants present in their motion.

Throughout the body of the motion, Defendants also conflate the FLSA collective action decertification standards with the Rule 23 standards. [ECF No. 141].[3] However, as noted above, in accordance with the parties' own stipulation, this matter is now being pursued solely as a Rule 23 class action, and thus, the Undersigned will only address that issue.

Accordingly, the Undersigned rejects the arguments presented by Defendants concerning decertifying this matter as an FLSA class action (and thus, regarding any arguments about the lack of opt-in plaintiffs and the two-tiered procedure for class certification, both of which are exclusive phenomena of FLSA class actions) because there is currently only a Rule 23 Class Action being pursued. The Undersigned therefore **denies as moot** the portions of the motion concerning the no-longer-pending FLSA theory.

---

[3]     For example, in arguing that Plaintiffs failed to meet the Rule 23 numerosity requirement, Defendants point to *Sanders v. Drainfield Doctor, Inc.*, No. 6:06-cv-1216-Orl-28JGG, 2007 U.S. Dist. LEXIS 102491, at *7-8 (M.D. Fla. Apr. 16, 2007). [ECF No. 141, p. 23]. However, that case specifically concerns an *FLSA* class action, as is directly stated in the quotation that Defendants pull from the case. *Sanders*, 2007 U.S. Dist. LEXIS 102491, at *7 ("Congress's purpose in authorizing collective actions *under the FLSA* was to avoid multiple lawsuits where 'numerous employees' have allegedly been harmed by the same violation.") (emphasis added).

In their reply memorandum, Defendants argue that because Plaintiffs acknowledge that there is no longer an FLSA class action being pursued, then this Court no longer has subject matter jurisdiction. [ECF No. 145, pp. 1-3]. While it is improper for a party to raise a new argument in its reply, s*ee Foley v. Wells Fargo Bank, N.A.*, 849 F. Supp. 2d 1345, 1349 (S.D. Fla. 2012),[4] the Court may raise the issue of its subject matter jurisdiction *sua sponte, see Univ. of So. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999) ("Indeed, it is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking"). Accordingly, the Undersigned will address the matter.

Just as with the majority of Defendants' arguments in this motion, the subject matter jurisdiction issue has already been before the Court. In the class certification Order, Judge McAliley addressed subject matter jurisdiction when Defendants argued that because one of the named Plaintiffs' FLSA claims was barred by the statute of limitations, the Court could no longer proceed with supplementary subject matter jurisdiction over the related state law class action claims. [ECF No. 47, pp. 5-6]. Just as Judge McAliley found subject matter jurisdiction at that time, so too does the

---

[4]     *Foley*, 849 F. Supp. 2d at 1349 ("Because it is improper for [the party] to raise this new argument in its Reply brief, the argument will not be considered") (citing *Herring v. Sec. Dep't of Corr.*, 397 F.3d 1338, 1342 (11th Cir. 2005) ("As we repeatedly have admonished, arguments raised for the first time in a reply brief are not properly before a reviewing court")).

Undersigned; although, some circumstances have changed slightly since class certification, which the Undersigned will address.

"When a party claims a right that arises under the laws of the United States, a federal court has jurisdiction over the controversy." *M.H.D. v. Westminster Schools*, 172 F.3d 797, n. 12 (11th Cir. 1999). "Jurisdiction . . . is not defeated . . . by the possibility that the [federal claims] might fail to state a cause of action on which petitioners could actually recover. For it is well settled that the failure to state a proper cause of action calls for a judgment on the merits and not for a dismissal for want of jurisdiction." *Bell v. Hood*, 327 U.S. 678, 682 (1946). Thus, Judge McAliley previously found that "this Court has jurisdiction over Lopez' claims, even if it finds that his federal claim is barred by the statute of limitations." [ECF No. 47, p. 5].

To be sure, the situation has changed because of the stipulation to not pursue a *class action* under the FLSA. However, that choice was made because all "members for the Federal Class have been identified." [ECF Nos. 118, p. 2; 125, p. 2]. While this is no longer a *class action* under the FLSA, each of the Plaintiffs' *individual* claims under the FLSA are still live for adjudication.[5] Thus, the case still does arise under a federal statute, which provides the Court with the discretion to exercise supplemental jurisdiction over Plaintiffs' state law class action claims. Concerning that issue, the Undersigned adopts Judge McAliley's reasoning because the parties' stipulation to no

---

[5]     None of Plaintiffs' FLSA claims have been dismissed.

longer pursue a federal class action does not impact the supplemental jurisdiction analysis.

Because the Court has original subject matter jurisdiction over both Plaintiffs' federal claims, it may exercise supplemental jurisdiction "over state claims that are so related to that action that they form part of the same case or controversy under Article III of the United States Constitution." *LeBlanc v. Advance Credit Corp.*, No. 8:06CV747 T27EAJ, 2007 WL 141173, at *3 (M.D. Fla. Jan.16, 2007); 28 U.S.C. § 1367(a). Claims that arise from a common nucleus of operative facts and involve the same witnesses, presentation of the same evidence and determination of similar facts, form the same case or controversy for the purpose of exercising subject matter jurisdiction. *Id.*

Plaintiffs' claims under the FLSA and their claims under the Florida Minimum Wage Act arise from a common nucleus of facts, because both the state and federal claims challenge the same compensation practices of Defendants. Thus, the Court undoubtedly has the discretion to exercise supplemental jurisdiction over Plaintiffs' state claims. Title 28 U.S.C. § 1367(c) provides, however, that the Court may decline to exercise supplemental jurisdiction where: (1) the state claim raises novel or complex issues of state law; (2) the state claim substantially predominates over the federal claim; (3) the district court has dismissed all the federal claims; or (4) other compelling reasons favor declining jurisdiction. 28 U.S.C. § 1367(c).

None of these scenarios apply here. The state law claim is not novel or particularly complex; it is virtually identical to the federal claim and, thus, does not substantially predominate over the federal claim; the district court has not dismissed all the federal claims; and Defendants have presented no compelling reason for declining supplemental jurisdiction. Based on the foregoing, the Court has original subject matter jurisdiction over Plaintiffs' federal claim and will exercise its supplemental jurisdiction over Plaintiffs' claim brought under Florida law.

[*Id.,* at pp. 5-6].

So, before this Court currently are Defendants' arguments solely related to decertification of the *Rule 23* Class Action. As explained below, Defendants' arguments concerning decertification under Rule 23 are not convincing because Defendants present no new developments since the original certification that would alter the findings that Judge McAliley already made concerning this issue.

**<u>Legal Standard</u>**

"Questions concerning class certification are left to the sound discretion of the district court. Even after a certification order is entered, the judge remains free to modify it in the light of *subsequent developments* in the litigation." *Cox v. Am. Cast Iron Pipe Co.*, 784 F.2d 1546, 1553 (11th Cir. 1986), cert. denied, 479 U.S. 883 (1986) (emphasis added) (internal citations omitted). "Actual, not presumed, compliance with the requirements of Rule 23 is necessary at all stages when the action is proceeding as a class action." *Kelly v. SabreTech Inc.*, 195 F.R.D. 48, 52 (S.D. Fla. 1999) (citing *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 161 (1982)). "'[T]he district court retains the ability, and perhaps even a duty, to alter or amend a certification decision,' *as circumstances change*." *Manno v. Healthcare Revenue Recovery Grp., LLC*, 289 F.R.D. 674, 695 (S.D. Fla. 2013) (quoting *Shin v. Cobb Cnty. Bd. Of Educ.*, 248 F.3d 1061, 1064 (11th Cir. 2001)) (emphasis added).

**Analysis**

Defendants do not present any significant factual developments related to the class that have occurred since certification that would in any way justify rolling back Judge McAliley's previous ruling on this issue. Defendants' motion, for the most part, rehashes the same arguments *and facts* that were present before the Court at the initial certification. To be sure, there has been significant progression in the case procedurally since certification of the class (e.g., 26 separately-filed cases have been consolidated into the present matter, the parties stipulated to not proceed with an FLSA class action, and Judge McAliley denied both parties' motions for summary judgment), but at the same time, the fundamental character of the case has not changed, nor has there been further discovery, which might have revealed certain facts that were unavailable at the time that Judge McAliley certified the Rule 23 Class Action.

Nonetheless, the Undersigned will address each of the relevant[6] sections of Defendants' motion individually, focusing on the four requirements of Rule 23(a): (1) numerosity; (2) commonality; (3) typicality; and (4) adequacy of both class Plaintiffs and class counsel.

---

[6]     As previously noted, Defendants spend a significant amount of the motion arguing the merits of the case, as well as points related to the FLSA class certification process; accordingly, the Undersigned will not address those arguments which are irrelevant to decertification of the Rule 23 Class Action.

A.     *Numerosity*

As the Undersigned noted above, Defendants' numerosity argument hinges on FLSA standards, noting that "no one has opted-in," as well as citing to FLSA class action cases. [ECF No. 141, pp. 22-23]. "Unlike opt-in collective actions under § 216(b), a district court's decision to certify a Rule 23(b) class binds all the class members." *Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1259 n. 36 (11th Cir. 2008). Thus, under Rule 23, *there is no opt-in procedure*, so the fact that "no one has opted-in" means nothing in this context. The Court already found that there are 50 to 120 members of the class [ECF No. 47, p. 10] and Defendants have presented no new facts concerning that finding.

B.     *Commonality and Typicality*[7]

Concerning commonality, the Court previously found two questions common to the whole class: "one question common to the entire class is the $3 per shift deduction[,]" and the other question is "whether Defendants' policies invalidated their reliance on the tip credit exemption, and therefore resulted in Plaintiffs being denied the required minimum wage." [ECF No. 47, pp. 10-11]. The Court previously found typicality through the evidence that "the $3 per shift deduction came from the paychecks of all servers and bartenders at all five restaurants pursuant to a uniform

---

[7]     Defendants place commonality and typicality in the same section and do not state clearly the specific requirement to which their individual arguments actually relate. The Undersigned will address these subjects in the same section as well, but will distinguish between where commonality and typicality are found.

policy . . . [the claim] that this deduction reduced their sub-minimum wage below the level set by law[.]" [*Id.*, at pp. 11-12].

Defendants' argument on this matter appears to be that the summary judgment ruling, which did not find for any party as a matter of law on any issue, undermines the notion that there is commonality or typicality among the class. Defendants selectively quote the following sentence from the summary judgment Order to underline their point: "This is a classic instance of deep factual disputes that preclude summary judgment." [ECF No. 135, p. 4 (quoted in ECF No. 141, p. 23)]. That quote however relates to one specific issue in the summary judgment Order, in which the Court found that "[t]he parties have presented conflicting evidence regarding the validity of Defendants' tip credit[,]" specifically that there is an issue as to the appropriateness of the notice that Defendants gave Plaintiffs of the credit. [ECF No. 135, p. 4].

First, the fact that the Court did not grant summary judgment for Plaintiffs does not automatically preclude a class action from proceeding. Second, there is nothing in the Court's summary judgment finding that undermines the two common legal questions across the class [ECF No. 47, pp. 10-11], nor is there any finding by the Court that alters the previously-found evidence that "the $3 per shift deduction came from the paychecks of all servers and bartenders at all five restaurants pursuant to a uniform policy . . . [and the claim] that this deduction reduced their sub-minimum wage below

the level set by law" [*Id.*, at pp. 11-12]. Accordingly, Defendants' arguments on these grounds for decertification are not convincing.

      C.    *Adequate Representation*

Defendants' arguments on adequacy of representation are likewise unconvincing. First, Defendants argue, without citation to any factual developments, that Plaintiffs themselves "are not credible as to their employment, tip sharing, and their knowledge of other class members[.]" [ECF No. 141, p. 24]. Defendants' bald assertions to the contrary are not adequate to undermine the Court's previous finding of adequacy.

Defendants' argument concerning the adequacy of class counsel is just as inadequate. Defendants simply restate their concerns -- concerns that this Court already addressed, namely that the court in *Bennett* was not satisfied with class counsel's adequacy. Concerning this subject, Judge McAliley noted: "As for the adequacy of counsel, I am aware of the *Bennett* Court's expression of concern in this regard. Mindful of this, I have made a careful review of the record in this case and the related cases, and I conclude that counsel is adequate to represent the class." [ECF No. 47, p. 13]. Circumstances have not changed since the Court made this finding, and accordingly the Undersigned also finds class counsel adequate.

> D.      *Appropriateness of Class Notice*

Defendants argue that because Plaintiffs received return envelopes for approximately 30 class members and received letters from 3 class members indicating that they wish to opt out, due process concerns for those class members who may not have been properly noticed should generate concern and cause the Court to refrain from continuing this case under Rule 23.

Rule 23 requires that notice to class members be the "best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B). However, "even in Rule 23(b)(3) class actions, due process does not require that class members actually receive notice." *Juris v. Inamed Corp.*, 685 F. 3d 1294, 1321 (11th Cir. 2012). Instead, notice need only be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950); *see also Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 811-12 (1985).

Citing to the principle that "[t]he fact that not every member of the class can receive the best notice does not mean that everyone gets the least notice," the court in *Perez v. First Am. Title Ins. Co.*, No. CV-08-1184-PHX-DGC, 2010 U.S. Dist. LEXIS 128567 (D. Ariz. Nov. 22, 2010) -- one of the primary cases that Defendants rely upon -- found that a class should be decertified as to members who were not sent individualized

notice because class counsel did not use reasonable effort to obtain the contact information for those class members, even though it could have been reasonably obtained from the defendants' files. (internal citations omitted). This situation is not analogous to the present situation, where individualized notice was *sent* to each identifiable putative class member. The problem that Defendants are identifying is that a certain number of putative class members here are no longer reachable by their last known addresses. However, this fact does not undermine the individual notice that was *attempted* through Plaintiffs' efforts.

Defendants also cite to *Valentino v. Carter-Wallace, Inc.*, 97 F.3d 1227, 1234-35 (9th Cir. 1996), where the Ninth Circuit vacated a certification order on grounds that included an allusion to the fact that "notice may be problematic." While Defendants infer that this case was decided on due process grounds alone (because of inadequacy of notice), the Ninth Circuit merely *noted* the due process concerns and made no actual findings on that issue. *Id.* at 1234. The Ninth Circuit however found that the district court abused its discretion by not adequately considering the *predominance requirement* before certifying the class, and then further noted that the certification order contained no discussion of why class adjudication was superior to alternative options. *Id.* at 1234-35. This case is inapposite to the motion before me now.

Defendants also cite to *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591 (1997), a case that concerns the inability of putative class members who do receive notice to

reasonably understand the nature of the claim. While it certainly contains cautionary language about certain classes being uncertifiable because class members may not know of their claim, thus threatening due process, *id.* at 628, it is inapposite factually to the present issue, which is whether Plaintiffs' efforts to identify and notice putative class members were reasonable.

Finally, Defendants cite to *O'Connor v. Boeing N. Am., Inc.*, 180 F.R.D 359, 384 n. 33 (C.D. Cal. 1997), in which a district court in the Central District of California inserted a footnote at the conclusion of an opinion denying certification that stated "the Court is reluctant to certify the class under Rule 23(b)(3) because it has serious due process concerns about whether adequate notice can be given to class members no longer living or working in the Contamination Area 'to enable them to make an intelligent choice as to whether to opt out.'" (quoting *Valentino*, 97 F.3d at 1234). Ultimately, the Court in *O'Connor*, similar to *Valentino*, denied certification on other grounds, finding that class action treatment was not *superior* to other forms of adjudication because of concerns about the number of individual issues involved. As the Court found previously in certifying the class and the Undersigned noted above, this matter concerns a relatively narrow issue of employees who were subject to the $3.00 per shift deduction policy and its impact upon minimum wage. [ECF No. 47, pp. 11-12].

There is no dispute that Plaintiffs *attempted* individual notice of all putative class members. While there is also no dispute that certain putative class members did not

receive that notice, as evidence by the returned envelopes, "due process does not require that class members actually receive notice." *Juris*, 685 F. 3d at 1321 (11th Cir. 2012). *See also Silber v. Mabon*, 18 F.3d 1449, 1453–54 (9th Cir. 1994) (explaining that even in an opt-out class action, class notice standard is "best practicable," as opposed to "actually received"); *Adams v. S. Farm Bureau Life Ins. Co.*, 417 F. Supp. 2d 1373, 1380 n. 6 (M.D. Ga. 2006) ("The analysis for purposes of due process is on the notice plan itself, and actual receipt of notice by each individual class member is not required"), *aff'd*, 493 F.3d 1276 (11th Cir. 2007); *In re Prudential Sec. Inc. Ltd. P'ships Litig.*, 164 F.R.D. 362, 368 (S.D.N.Y. 1996), ("It is widely accepted that for the due process standard to be met it is not necessary that every class member receive actual notice"), *aff'd*, 107 F.3d 3 (2d Cir. 1996); *Trist v. First Fed. Sav. & Loan Ass'n of Chester*, 89 F.R.D. 1, 2 (E.D. Pa. 1980) ("*Mullane* . . . has never been interpreted to require the sort of actual notice demanded by the defendants"); 4 William B. Rubenstein et al., Newberg on Class Actions § 11:53 (4th ed. 2011) ("Thus, due process does not require actual notice, but rather a good faith effort to provide actual notice. Courts have consistently recognized that due process does not require that every class member receive actual notice so long as the court reasonably selected a means likely to apprize interested parties").

Defendants have presented no challenge to the *actual means of notice* attempted here. For this type of action, involving unpaid minimum wage claims by a restaurant, the Undersigned finds no due process violation in Plaintiffs sending individualized

notice to former servers and bartenders at last known addresses, even if the nature of the restaurant business in Key West involves transient employees. Defendants note that if the certification Order is correct and there are 50 to 120 putative class members (in addition to those named Plaintiffs), then it is possible that 25% to 60% of the class did not actually receive notice, and between 2.5% and 6% actually opted out of the class. Defendants' math appears correct, but Defendants fail to cite to any authority[8] that deems any percentage of individualized notices being returned undeliverable as a due process violation.

Furthermore, the state minimum wage claims covered by the Class Notice only encompass the period from January 2008 through May 11, 2011. [ECF No. 47]. At this point in time, most of the timeframe encompassed by the class action is beyond the five-year statute of limitations under Florida law. Thus, any individual with a claim from January 2008 through September 28, 2010 would not presently be able to bring an individual claim under Florida minimum wage law anyway, and thus the inability to notice them of this action would not impact their ability to individually pursue a claim. Additionally, it is almost five years after the final possible claim date (May 11, 2011) and a year and a half after the Class Notice was issued, yet Defendants cannot show that there are other parties attempting to pursue their own individual cases who are

---

[8]     Additionally, the Undersigned's own research has returned no such authority.

oblivious to this class action. These factors weigh in favor of not finding a due process violation based upon the means of notice in this case.

     E.    *Predominance and Superiority*

Finally (with regard to their Rule 23-related arguments), Defendants claim that the Court would be unable to manage Plaintiffs' claims on a class-wide basis, or with a relatively simple methodology, but rather there is a need for individual trials. [ECF No. 141, p. 27]. Judge McAliley addressed this very same issue in great detail in the certification Order. [ECF No. 47, pp. 14-16]. Defendants repeat the same arguments now -- even though the Court has already deemed them inadequate to defeat certification. No new facts or circumstances have arisen since certification to alter the Court's opinion on this matter, and Defendants do not even attempt to claim so. Accordingly, this argument is also rejected.

**Conclusion**

To conclude, Defendants simply have not shown that any circumstances have changed to warrant a reversal of the Court's previous order certifying the class. Thus, for the reasons set forth above, the motion for decertification is **DENIED**.

**DONE and ORDERED**, in Chambers, in Miami, Florida, September 29, 2015.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
Hon. Jose E. Martinez
All Counsel of Record

20