UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
KEY WEST DIVISION

CASE NO. 13-10004-CIV-MARTINEZ/GOODMAN

[CONSENT CASE]

PAUL LOPEZ, et al.,

    Plaintiffs,

v.

HAYES ROBERTSON GROUP,
INC., et al.,

    Defendants.
_____/

ORDER ON PLAINTIFFS' MOTION TO DISMISS LOPEZ'S CLAIM
AS A CLASS REPRESENTATIVE AND TO PROCEED WITH THE CLASS ACTION
WITH TRDINA AS SOLE CLASS REPRESENTATIVE
<u>AND TO CHANGE STYLE OF ACTION</u>

In December of 2011, a putative class action was filed against the present Defendants by 21 of the plaintiffs in the present action. *See Bennett et al. v. Hayes Robertson Group, Inc. et al.*, No. 11-10105-JLK, ECF No. 1 (S.D. Fla. Dec. 30, 2011). The plaintiffs in *Bennett* moved to certify a class for their state claims under Federal Rule of Civil Procedure 23(b). *Bennett*, ECF No. 78, pp. 1-2.[1] The *Bennett* court denied the motion

---

[1] The *Bennett* plaintiffs also brought a claim under the Fair Labor Standards Act ("FLSA") for unpaid overtime compensation. The *Bennett* court certified a collective action under the FLSA for those federal claims. *Bennett*, ECF No. 78. However, those overtime claims are not at issue in this lawsuit.

to certify that class and dismissed without prejudice the minimum wage claims, directing the plaintiffs to re-file those claims as individual actions. *Id.* at pp. 1-12; *Bennett*, ECF No. 115. Following that direction, nearly all of the plaintiffs in *Bennett* filed individual minimum wage actions against Defendants. Additionally, several individuals who were not named plaintiffs in *Bennett*, but who would have been encompassed within the requested *Bennett* class if it had been certified, filed their own minimum wage actions against Defendants.

In total, twenty-seven individual actions were filed against Defendants, including this one, which originated with two named Plaintiffs: Paul Lopez and Andrea Trdina. In September of 2013, Magistrate Judge Chris McAliley granted certification of a class action in this matter as to minimum wage claims under Florida law pursuant to Federal Rule of Civil Procedure 23(b)(3) and the Fair Labor Standards Act ("FLSA"), 29 U.S.C. 216(b). [ECF No. 47].

After the FLSA collective action was certified, the parties stipulated -- during a hearing -- that the action should *not* proceed as an FLSA collective action; instead, the parties agreed to proceed *solely* as a Rule 23 class action pursuing Florida claims. [ECF Nos. 116; 118].

Defendants recently filed a motion for decertification of both the FLSA and Rule 23 classes. [ECF No. 141]. The Undersigned denied that motion. [ECF No. 149]. In the

Order denying Defendants' motion for decertification, the Undersigned addressed the issue of subject matter jurisdiction. [*Id.*, at pp. 6-9].

Defendants argued that, because Plaintiffs acknowledged that there was no longer an FLSA collective action being pursued, this Court no longer possessed subject matter jurisdiction. [ECF No. 145, pp. 1-3]. The Undersigned noted that the situation has changed because of the stipulation to not pursue a *collective action* under the FLSA. However, that choice was made because all "members for the Federal Class have been identified." [ECF Nos. 118, p. 2; 125, p. 2].

So, while this is no longer a *collective action* under the FLSA, each of the Plaintiffs' **individual** claims under the FLSA are still live for adjudication.[2] Thus, the case still does arise under a federal statute, which provides the Court with the discretion to exercise supplemental jurisdiction over Plaintiffs' state law class action claims.

**Request to Dismiss FLSA Claims**

Plaintiffs now move [ECF No. 156] to dismiss the individual claims of Lopez without prejudice (while still allowing him to remain a member of the Rule 23 Class) and to change the caption of the case to reflect Trdina as the sole named Plaintiff in the case. While this is the primary relief requested by Plaintiffs (and opposed by

---

[2] None of Plaintiffs' FLSA claims have been dismissed.

3

Defendants [ECF No. 163]), the motion also mentions a stipulation concerning the other 25 Plaintiffs'[3] individual claims which were consolidated into this action.

Specifically, the motion notes that the individual claims of the other 25 Plaintiffs are to be dismissed and that they will proceed only as unnamed members of the class. The individual claims of the other 25 Plaintiffs, however, are *FLSA* claims. This is also true as to a portion of Lopez's individual claims that Plaintiffs seek to dismiss (and concerning which, Defendants consent to dismissal [ECF No. 163, p. 2]). Thus, it *appears* that Plaintiffs now seek to dismiss the individual FLSA claims of Lopez **and** all other individual Plaintiffs with the exception of Trdina.[4]

Concerning the 25 co-plaintiffs, the stipulation mentioned in Plaintiffs' motion does not specify whether the dismissal is to be with or without prejudice. The motion clearly states, however, that *Lopez's* individual claims are to be dismissed *without prejudice*. This is a critical point for resolution of FLSA claims.

---

[3]  The "25 Plaintiffs" are those parties who consolidated their FLSA claims with Lopez's and Trdina's FLSA collective action. The "25" Plaintiffs are as follows: Clarke, Cram, Hirsowitz, Perez, Gomes, Wood, Johnston, Rogers, Collins, Warner, Tate, Lowry, Montgomery, Bennett, Vidal, Shouldice, Gilliand, Worley, Wise, Campbell, Logue, Wittler, Pawsey, Leonard, and Griffith.

[4]  It is unclear from Plaintiffs' motion whether this is actually the relief that Plaintiffs seek. While Plaintiffs do not expressly *request* that the Court dismiss the other 25 Plaintiffs' individual claims, Plaintiffs' motion mentions that the parties have stipulated to this. In addition, Plaintiffs' motion does not specify that *both* Lopez's FLSA and Rule 23 claims are to be dismissed. However, the Undersigned will address the motion as though it implicitly made this request.

4

In general, the minimum wage and overtime provisions of the FLSA are mandatory and not subject to negotiation or bargaining between employers and employees. *See Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697 (1945). However, there are two ways employees may settle and waive a claim against their employer for unpaid minimum wages or overtime pay under the FLSA: (1) if the payment of unpaid minimum wage/overtime pay is supervised by the Secretary of Labor; or (2) in a private lawsuit brought by an employee, if the parties present the district court with a proposed settlement and the court enters an order approving the fairness of the settlement. 29 U.S.C. § 216(c); *Lynn's Food Stores, Inc. v. United States,* 679 F.2d 1350, 1353 (11th Cir. 1982); *see also Schulte, Inc. v. Gangi,* 328 U.S. 108 (1946).

If dismissal of an FLSA claim is sought *with* prejudice, then the dismissal would "preclude plaintiff from re-filing her FLSA claim, [and] it cannot be granted without [the] Court's approval." *Perez-Nunez v. North Broward Hosp. Dist.*, 609 F. Supp. 2d 1319, 1321 (S.D. Fla. 2009). However, "there is no public policy requiring court scrutiny of the circumstances surrounding dismissal without prejudice of a FLSA case." *Bleecher v. Nightingale Nurses, LLC,* No. 07–80378–Civ., 2010 WL 3834692, at *5 (S.D. Fla. Sept. 10, 2010), Report and Recommendations adopted in *Bleecher v. Nightingale Nurses, LLC*, No. 07–80378–Civ., 2010 WL 3834655 (S.D. Fla. Sept. 28, 2010) (citing *Perez-Nunez*, 609 F. Supp. 2d at 1321; *Kerr v. Powerplay Arcade, Inc.*, No. 6:07-CV-1441-ORL-19KRS., 2007 WL 3307091 at *1 (M.D. Fla. Nov. 6, 2007) (explaining that, where "case is being dismissed

5

without prejudice, there will be no final adjudication on the merits" and no settlement or resolution of FLSA claims for the court to review for fairness)).

Accordingly, if dismissal of the FLSA claims by Lopez and the other 25 Plaintiffs is "sought . . . without prejudice, the Court would agree that approval would not be necessary, since Plaintiff[s] would not be foreclosing [their] ability to vindicate any FLSA claim [they] may have by refiling at a later time." *Perez-Nunez*, 609 F. Supp. 2d at 1320.

Based on the Undersigned's reading of the motion, which, as noted, is less than clear, Plaintiffs appear to seek dismissal *without prejudice* of Lopez's and the other 25 Plaintiffs' FLSA claims. Because the dismissal is sought without prejudice, the Undersigned need not analyze the fairness of this resolution. Accordingly, the Undersigned **grants** Plaintiffs' motion as to the voluntary dismissal of the FLSA claims.

**Request to Dismiss Lopez's Claim as a Class Representative**

Plaintiffs also move to dismiss Lopez as a Class Representative and to proceed to trial with Trdina as the only class representative. Plaintiffs include a request to change the official caption of this case to remove Lopez's name if the motion is granted. Defendants oppose this motion.

Defendants oppose the motion on the ground that allowing Lopez to dismiss his personal claim post-certification violates his fiduciary duty as a class representative to the class as a whole. [ECF No. 163, pp. 3-5]. Thus, Defendants are seemingly opposing

this motion *on behalf of their opponents*, the unnamed class members. This argument is unpersuasive, however.

Defendants cite to Rule 23(e), which states that "[t]he claims, issues, or defenses of a certified class may be settled, voluntarily dismissed, or compromised only with the court's approval." Citing to *Shelton v. Pargo*, 582 F.2d 1298 (4th Cir. 1978), Defendants claim that Lopez undertook a fiduciary duty to the class members and cannot be allowed to abandon this role as a representative at will. In *Shelton*, the Fourth Circuit ruled that individual class representatives "may not abandon the fiduciary role they assumed at will or by agreement with the appellant, if prejudice to the members of the class they claimed to represent would result or if they have improperly used the class action procedure for their personal aggrandizement." *Id.* at 1305.

The Fourth Circuit in *Shelton* addressed "the procedure to be followed by a district court in passing upon a voluntary motion to dismiss an action, filed both as an individual and as a class action, when the individual action has been settled without court approval in advance of any certification of the action as a class action under Rule 23(c)(1)[.]" *Id.* at 1300. The *Shelton* court ultimately ruled that the District Court should have inquired carefully into circumstances of settlement and made findings as to whether the settlement was tainted by collusion or whether absent class members would be prejudiced by settlement. *Id.*

7

The situation in *Shelton* is clearly different than here. In the instant case, there is no indication that Lopez has entered into a settlement. Additionally, Plaintiffs are not moving to dismiss the entire class action. Indeed, Plaintiffs' motion represents that the case will *proceed* with Trdina as the class representative.

Defendants assert that the class representation will ultimately be harmed by the absence of Lopez, but state nothing specifically beyond vagaries about ensuring continued fair and adequate representation of the class members. [ECF No. 163, p. 5]. Defendants' argument is unpersuasive. First, Defendants cannot point to a single specific, tangible harm that the class members would face because of Lopez's absence. The case will continue to be prosecuted with Trdina as a class representative and so the Undersigned does not see the harm in dismissing Lopez's Rule 23 claim. Second, *even if* the Court were to deny Plaintiffs' motion, there would seemingly be no practical effect on the case.

Plaintiffs' motion represents that Lopez has no intention of appearing on behalf of the class at the trial, whether he is a named class representative or not. Thus, for all practical purposes, it does not seem to make a difference if the Court were to maintain Lopez's class representative status, as he has no intention of personally pursuing this case anymore. So, with Plaintiffs still represented by a class representative (i.e., Trdina), the Undersigned sees no harm in dismissing Lopez as a class representative.

The Court takes seriously its duty to preserve the integrity of the class action. *See Kleiner v. First Nat. Bank of Atlanta*, 751 F.2d 1193, 1203 (11th Cir. 1985). Accordingly, the Undersigned has analyzed whether the class members will face any specific harm if Lopez is dismissed as a class representative. For the reasons stated above, the Undersigned does not find any specific harm and therefore **grants** Plaintiffs' motion to dismiss Lopez as a class representative.

Additionally, Plaintiffs' request to change the case caption and remove Lopez individually from the case as a whole is **granted** because all of Lopez's individual claims are now dismissed. The Clerk of Court is directed to change the caption officially displayed on the CM/ECF system and the case shall now proceed as **Andrea Trdina v. Hayes Robertson Group, Inc. et al**.

**DONE and ORDERED**, in Chambers, in Miami, Florida, December 23, 2015.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
Hon. Jose E. Martinez
All Counsel of Record